Battli5 J.
 

 The question, presented in the case agreed, is, whether the defendant, whose citizenship and principal Residence is in the State of South Carolina, but who has a dwelling house in this State, where he resides with his family four months in each year, is liable to be called on to send his slaves to work the public roads of this State, during the time of his residence in it We are of opinion that he is, and we think so, because he comes within the letter of our “act concerning the public roads,” 1
 
 Rev. St. Gh.
 
 104, and we can perceive nothing in its spirit to exempt him. The act provides, in the 8th section, that the several County Courts shall appoint overseers of the public roads in each county, and, in the 10th section, makes it the duty of the overseers, thus appointed, to summon all white males between the ages of eighteen and forty-five, and free males of color and slaves between the ages of sixteen and fifty years, within their respective districts, to meet at such times and places, and with such working tools as the overseers shall prescribe, for the working and repairing such roads as may be necessary. Each and every person so summoned is then required to attend, under pain of forfeiting one dollar for each day’s neglect, provided he shall have been notified three days before the time
 
 *439
 
 appointed for the meeting, and provided further, that, for the neglect of any slave, his master shall be liable to paj the penalty. The 12th section of the act then de-dares, that no such person, as is above specified, shall be exempted from working on the public roads, except such as is or shall be exempted by the General Assembly, or by the County Court, on account of personal infirmity, and except also such as shall send three slaves, or three sufficient hands. The provisions of the act are very broad, and will certainly embrace the slaves of the de* fendant, unless it can be shown that the Act was not intended to apply to them. This, the defendant’s counsel has attempted to do, and his main, if not his sole argument is, that the defendant is not a citizen of this State, that he has only a temporary residence here, that the Act was intended to operate only upon our citizens, and that it requires express words to extend it to the citizens of other States. In support of this argument,' it is urged, that the construction, insisted on for the plaintiff, would make the act include mere transient passengers and visiters, as well as persons having a temporary residence, like the defendant. We admit that our Legislature had in view principally our own citizens, because they compose a vast majority of the persons, upon whom the act could operate, and we admit further that persons merely passing through our State, or visiting it for purposes of profit or pleasure, and remaining lor days, weeks and even months, without having any fixed
 
 home,
 
 here, are not persons whom the overseers of the public roads are authorized to summon, as being within their districts. Such persons are not fairly with in the words of the Act, and are certainly not within its meaning. Having no fixed place of abode within any particular district, and staying for no certain time, they could not have been contemplated as persons to receive the three days notice required in the act; and having no working tools, they could not reasonably be required to attend with them.
 
 *440
 
 They are evidently then not the persons intended by the Legislature. But the case pfthe defendant is very different. For four months in each year, one third of his whole time, he has a fixed place of residence in this State. The time, during which he is to reside among us with his family and' his slaves, is ascertained and well known. The overseer of the road, in whose ■district he lives, can have no difficulty in learning when and where to summon his slaves so as to secure their attendance ; and they are presumed to have tools with which they can work. He is surely, then, within the very words of the Act, and why should he be exempted from its operation. The duty is only required to be performed during his residence in the State, and for that period, he is or may be in the constant use of our roads, and under the protection of our laws. We think, therefore, that he cannot be regarded as a mere transient passenger or temporary visiter. He certainly did not so regard himself, when he claimed an exemption from paying tolls to the Buncombe Turnpike Company, as being a citizen of Henderson County, which he could have justly claimed only by being such. But it is proper to say that we do not rely upon that fact, and we refer to it, only to show the light, in which such residents are generally regarded, the light in which they regard themselves, not as citizens for political purposes, but as citizens, while they reside among us, for many, if not, for all other purposes.
 

 We have been unable to find any direct authority upon this question, but we think that the case of
 
 Kinzey
 
 v. King, 6 Ire. Rep. 76, has some analogy to it. It was there held, that a witness, who is summoned in this State, while casually here, but whose residence is in another State, cannot be amerced for non attendance, if he has returned home and is not in the State, when he is called out on his subpoena. But the Court say expressly, that if the witness be in the State when he is called, “he is subject to the
 
 *441
 
 same rules as the citizens of the State ; in such a case he receives the protection of our laws, and it will be his duty to obey the mandates of our process.” Now the act declaring the manner, in which witnesses shall be summoned, and enforcing their attendance, &c., shows clearly in all its provisions, that it was intended to operate mainly upon our own citizens. 1
 
 Rev. St. Ch.
 
 3L, sections from 64 to 75 inclusive. Yet we see that it has been construed to extend to the citizens of other States, during the time of even a temporary visit to this State. It is manifest» that the case before us is much stronger, so far as residence is concerned. We are therefore of opinion, upon a consideration of the whole case, that nothing has been shown on the part of thr defendant to exonerate him from the penalty, incurred by failing to send his slaves to work on the public road, under the circumstances stated in the case agreed.
 

 The judgment must therefore be affirmed.
 

 Per Curiam. Judgment affirmed»