THE STATE on the relation of MCCARTY, Auditor, &c. *v.* THE BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY.

LOSS OF STATE REVENUE.—LIABILITY OF COUNTY.—The liability imposed upon the county by sec. 198 of the act for the assessment of taxes (1 G. & H. 113) for a loss of revenue sustained by the State in consequence of the default of the assessor, treasurer or auditor of the county, extends to all such losses as result from the default of either of those officers, in the discharge of the duties imposed upon them by the act of which the section named makes a part.

SAME.—A loss has not been sustained by the State, within the meaning of the statute, until the remedy upon the bond of the defaulting officer has been exhausted.

TITLE OF ACT.—The section referred to is properly connected with the subject expressed in the title of the act.

SAME.—When a matter is so closely connected with the subject of the act as to create a doubt whether it is not included within it, the court will not consider the question whether the legislative action upon it violates the constitutional prohibition relating to the titles of laws.

APPEAL from the *Montgomery* Circuit Court.

RAY, J.—This was an application for a mandate requiring the commissioners of *Montgomery* county to add to the taxes of said county the sum of $41,000, that amount having been lost to the State, as was alleged, through the default of the county treasurer. It was also averred that

judgment had been recovered against the treasurer, and that he had proved insolvent. A suit had also been prosecuted against the sureties upon the treasurer's bond, and on the trial they had been released by the judgment of the court from all liability.

There was a waiver of the issuing and service of an alternative writ, and of a return to the same, and an agreement was made that the question of law should be determined upon a demurrer to the application. The issue of law thus presented was ruled against the appellant.

The section of the statute relied upon to sustain the application for a mandate is as follows: "All losses to the State which may be sustained by the default of the assessor, treasurer or auditor of any county, in the discharge of the duties imposed in this chapter, shall be chargeable on such county; and the board of county commissioners shall add such losses to the next year's taxes of such county, and cause the same to be paid into the state treasury." 1 G. & H., § 198, p. 113.

It is not denied that the loss resulted to the State through the default of the treasurer in the discharge of a duty imposed in the chapter of which the section quoted forms a part, but it is insisted by the appellee that the section was only intended to apply to defaults and neglects in that class of duties and directions in which all of the officers named in the section may be regarded as equally liable. It will be observed that the liability is imposed by the section, not only for losses which occur through the default of all the officers named, but for "all losses to the State which may be sustained by the default of the assessor, treasurer or auditor of any county;" and this default is not limited to any special class of duties, but by its express terms includes all the duties imposed in the chapter.

It is urged that there is another remedy provided in case the treasurer of any county fails to pay over the taxes belonging to the State, that is, a suit upon the bond given to the State. This court has already held, however, on a

524 SUPREME COURT OF INDIANA.

The State ex rel. McCarty, Aud., &c. v. The Board of Com. Montgomery Co.

former consideration of this case, that suit must be brought upon the bond and that remedy exhausted before there can be said to be a loss to the State. Such also was the construction given in the case of *The People* v. *The Supervisors, &c.*, 17 N. Y. 235, to a section of the *New York* statute providing that "all losses which may be sustained by the default of the treasurer of any county, in the discharge of the duties imposed by this act, shall be chargeable on such county, and the several boards of supervisors shall add such losses to the next year's taxes of such county." The default was in the failure of the treasurer to pay over into the state treasury the amount of taxes belonging to the State, and it was not questioned that the section of the statute included a loss resulting from such default in duty. As in the case under consideration, it was a default in the discharge of a duty imposed in the act of which it was a part.

It is objected that the section in question requires the county commissioners to levy a special tax to raise state revenue, whereas the first section of the act provides "that the amount necessary and proper to be charged on each poll, and on each hundred dollars' worth of property, for state expenditures, shall, from time to time, be fixed by law," and by the same law the board of county commissioners are authorized to fix the rate to be charged for county expenditures. 1 G. & H. § 1, p. 68.

We do not see that there is force in the objection. It is made the duty of the board of commissioners of the county, in the act authorizing the organization of such a board, to provide for the payment of county expenses. So long then as the money remains due from the tax-payer to the State, the board of county commissioners are not charged with any duty regarding it, but when the tax-payer has deposited the money with the county treasurer, and such treasurer has made default and the money has been lost to the State, the sum becomes a debt chargeable upon the county, and in this view section 198 requires that the commissioners

shall cause the same to be paid into the state treasury. The money is placed under their control, and the duty of causing it to be paid into the state treasury is imposed upon them, as they are charged with the duty of discharging county obligations.

But it is insisted that the section on which this action is founded is unconstitutional and void, its subject not being expressed in the title to the act in which it is found, and not being a matter properly connected with the subject expressed in the title to said act. The title of the act in which this section is found, reads thus: "An act to provide for the valuation and assessment of the real and personal property, and the collection of taxes in the State of *Indiana;* for the election of township assessors, and prescribing the duties of assessors, appraisers of real property, county treasurers and auditors, and of the treasurer and auditor of State." The appellee assumes that the one subject of this title is the assessment and collection of taxes. When are taxes collected, and at what exact point must legislation in regard to their collection cease, as a subject matter of the act? What matters are properly connected with this subject, upon which legislative action may be therein had? The taxes due the county are, we suppose, collected, when they are paid into the county treasury. The section we are considering, clearly does not regard the taxes due the State as collected until they are paid into the state treasury. Where a matter is so closely connected with the subject of the act as to create a doubt whether it be not included within the subject, we will not seriously consider the question whether the legislative action upon it violates the constitutional prohibition. Nor can we regard it as otherwise than impertinent on our part, where legislative action is plain, to indulge in discussions of its policy. When the State relieves the tax-payer from the hardship of making a personal deposit of his dues to the State in the state treasury, and permits him, as a voter in the county where he resides, to participate in the election of the local officer with whom he

may make such deposit, and also of the board of county commissioners, whose duty it is to approve the bond of such officer, which bond is equally for the tax-payer's security and that of the State, and when, upon default of such county officer, the State resorts first to the security so approved by the county commissioners, it is not a question proper for discussion in this court, whether, as a matter of policy, the State should hold a final recourse upon the tax-payer for the sum lost through the default of the county treasurer. We decide simply what the law itself declares, and we know of no limitation forbidding the State, after having imposed the duty of receiving revenue from the citizens of the county upon the county treasurer, to hold the county liable for his default. The State has imposed the same liability upon each county for the security of the school funds which may be loaned out by the treasurer and auditor of the county. 1 G. & H., § 3, p. 575. The demurrer to the application should have been overruled, and the writ of mandate granted.

The judgment is reversed, at the cost of the appellee, and the cause remanded for further proceedings, in accordance with this opinion.

GREGORY, C. J., expressed no opinion.

*J. Pettit*, for appellant.

*A. Thomson, J. M. Butler, J. E. McDonald, A. L. Roache* and *D. Sheeks*, for appellee.