Mr. Justice VanTalkenburgh
delivered the opinion of the court.
The indictment in this case charges that in August, 1878, Snowden then and there being a justice of the peace in and for the State of Florida and county of Alachua, did "impose a fine of twenty dollars upon one Henry Singleton, who was then and there arraigned before said J. Madison Snowden • charged with an assault, which said fine was then and there paid to the said justice by the said Henry Singleton, and that the said J. Madison Snowden hsa not paid the ■ said fine to the Treasurer of the county as he is required by law to do, and did then and there commit malpractice in office, and was guilty of conduct unbecoming the character of an upright magistrate, against the form of the statute,” &c. A trial was had and the defendant found guilty; whereupon his counsel moved an arrest of judgment, for the reason that the allegations contained in the indictment did not show any offense to have been committed aginst ■the crimnal law of Florida. This motion was denied Ky the court. The counsel for the defendant then moved for . a new trial upon the following grounds:
1st. The verdict was contrary to the evidence.
2d. The verdict was contrary to the law applicable to the case,, and to the facts adduced by the evidence.
This motion was also denied by the court, exceptions’ were taken and the case comes here on writ of error.
The indictment was found under section 18 of chapter 5 of the article on crimes and misdemeanors, (Thomson Dig., p. 497,) which is as follows:
"If any justice of the peace shall be guilty of malpractice in Office by using oppression, partiality or any other conduct unbecoming the character of an upright magistrate in the administration and under color of his office, he shall be indicted,” &c.
Under the law, as determined at this term of this court in Humphreys vs. The State, the indictment is not good, inasmuch at it does not charge that the malpractice alleged was committed by the defendant "in the administration and under color of his office.” Nothing can be taken by, intendment. It was material and necessary to prove on the trial that it was by virtue of, and under color of vhis office as justice of the'peace, that he imposed and collected the fine he is charged with having appropriated, and consequently it was necessary that sueh allegation, in conformity with the language of the- statute, should have been made in the indictment.
But .aside from this question arising upon the indictment, there is no proof to warrant the conviction of the defendant. The only witness called in relation to the trial, fine and payment of the fine to the defendant, for the misappropriation of which he was indicted, was Henry Singleton, the party from whom such fine was collected. He testified that he "heard defendant had issued a warrant against him; went to Archer; met defendant on the street and told him I would pay him what it cost. This occurred in summer of 1878, in Alachua county. J was not tried, not convicted. Mr. Snowden, the defendant, said he would let me off for twenty dollars, and I told T. A. Darby to pay it. I do not .knew that it, the twenty dollars, was a fine, nor if *104 any of it was a fine; it might have been; I don’t know. I made this arrangement with Mr. Snowden on the street, not in any building. There was no jury, no trial, no conviction.”
Mr. Darby testified that he paid, the twenty dollars to Mr. Snowden.
This is all the evidence'in regard to the arrest, trial and conviction of Singleton. There is no proof that a warrant was issued, that Singleton was arrested or tried, or that Snowden was acting in the administration of or under color of his office as justice of the peace.
The judgment must be arrested and the defendant discharged, for the reason'that the indictment was defective.