J. H. BUTLER AND F. D. CHAPMAN, PLAINTIFFS IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Two systems of law which are entirely repugnant to each other cannot be in force in the same locality at the same time.

2. Whenever the local option Article of the Constitution prohibiting the sale of intoxicating liquors, wines or beer is put in operation in any county or any election district, it suspends, during the period of its operation therein, the provisions of all statutes authorizing or licensing the sale of intoxicating liquors, either spirituous, vinous or matl, in such county or district.

3. Where two counts of an indictment charge a violation of a system of law which authorizes the sale of certain liquors if a license has been obtained in a manner prescribed by it, and the other count charges the violation of a system which prohibits any sale of such liquors in a part of the territory covered by the allegations of the former counts, the two sets of counts are irreconcilably repugnant, and the indictment insufficient in law. It cannot be known upon which system the State intends to rely as being in force in the territory covered by the third count.

4. Where the counts of an indictment are based, some on one system of law and the other on another system, which systems cannot be in operation at the same time in the same territory, and the verdict is "guilty as charged in the indictment," and the sentence is of a character authorized in the case of a lawful conviction under either system, the verdict and sentence will be set aside. It cannot be known upon what law the verdict and sentence are founded.

5. Neither the local option Article of the Constitution, nor the statute enforcing the same, prohibit the sale of liquors, wine or beer that is not intoxicating.

6. An indictment for selling liquor, wine or beer in a county or election

| | |
|---|---|
| 25 | 347 |
| 30 | 538 |
| 25 | 347 |
| 32 | 241 |
| 25 | 347 |
| 37 | 333 |
| 25 | 347 |
| f41 | 441 |
| 25 | 347 |
| 42 | 353 |
| 25 | 347 |
| 43 | 491 |
| 43 | 495 |
| 43 | 549 |
| 25 | 347 |
| d45 | 6 |
| 47 | 330 |
| 25 | 347 |
| d51 | 139 |
| 25 | 347 |
| 54 | 91 |

district in which the local option Article of the Constitution is in force, must allege that the liquor, wine or beer charged to have been sold was intoxicating, unless it names a specific liquor, wine or beer, of whose intoxicating nature the courts take judicial notice.

7. That courts can take judicial notice that "orange mint," or "elixir of orange mint," or whatever might fall under the classification of "patent alcoholic bitters," is intoxicating, quaere.

8. Whenever an indictment alleges that the local option Article of the Constitution is in operation in a county or election district, the allegation must be proved.

Writ of error to the Circuit Court for Levy county.

The facts of the case are stated in the opinion of the court.

*Taylor & Carter* for Plaintiffs in Error.

### HISTORY OF THE CASE.

In justice to themselves the counsel now submitting this brief to this court must crave the indulgence of the court for the remark at the outset, that we come into the cause now for the first time along with its appearance before this court upon appeal; and that, having had no connection therewith in the Circuit Court, we are not responsible for any errors, defects or omissions which may have occurred in the conduct of the defense in the court below.

At the spring term, A. D. 1888, of the Circuit Court for Levy county, the plaintiffs in error, J. H. Butler and F. D. Chapman, were indicted for an unlawful sale of liquors, &c. They were tried at the same term of said court, were convicted and sentenced to the payment of a fine of $250.00 each, with costs.

From this judgment and sentence they have appealed to this court.

### BRIEF AND ARGUMENT.

The indictment in this case contains *three* distinct counts.

Count first charges generally that the defendants unlawfully carried on the business of dealers in spirituous liquors " *without having obtained a license therefor.*"

Count second charges the specific selling of corn whiskey " *without having obtained a license therefor.*"

Count third charges that an election was held in Levy county on the 13th of September, 1887, by which the sale of liquors, &c., in District No. 1, said county, was made absolutely unlawful, (with or without a license) and that after such prohibition said defendants did unlawfully sell patent alcoholic bitters, to wit: " Orange Mint " in said Election District No. 1, &c. ·

For the appellants we take the position that, in the presence of the third count of this indictment, and assuming its statement of the fact to be true, " that an election was held in Levy county on the 13th or September, 1887, by which under Article XIX of the Constitution, the sale of spirituous liquors, &c., in District No. 1 was absolutely prohibited and rendered unlawful under any circumstances," that then the two other counts were and are entirely nugatory, and no legal trial, conviction or punishment could be predicated thereon. And why ?

Because the law never punishes a man for not doing that which the laws says must not be done.

A man cannot be punished for not committing murder when the law says it shall be unlawful to commit murder. A man cannot be punished for not taking out a license, when the law prohibits the issuance of any license.

The two first counts in this indictment, if predicated upon any law at all, are based upon section 10, chapter 3168, Laws of Florida, approved June 13th, 1887. The

gravamen of the offence created by that section of the law does not consist in the *disposal* of liquors merely, but the offence is committed only when such disposal is made " *without having first obtained the license* " required by the revenue law, and this license can only be obtained by paying the license tax prescribed by law.

The object and the sole object of the law in prescribing the *penalty* laid down in the section referred *to*, is to *compel* the *payment* of the State's revenue derived from " *licensed* " occupations. Whenever any occupation or business is proposed to be carried on, which the law says it is unlawful to be conducted under any circumstances at all, then no *license* can be demanded, collected or required as a prerequisite to the conduct of such prohibited occupation and no punishable offence can be committed " for not obtaining such license."

It follows then from this reasoning that in those *localities* where " prohibition " has been established by an election under Article XIX of the Constitution, the provisions of section 10, chapter 3681, above referred to, have been *repealed and rendered inoperative.* And in those much blessed(?) localities where prohibition has been established, if a traffic in liquors is attempted, the gravamen of the offence consists then in the *sale* merely, of liquors regardless of any question of license ; and a different *punishment* is prescribed by the law in section 3, of chapter 3700, Laws of Florida, approved June 2d, 1887. Boon vs. State, 12 Texas App., 184.

The verdict of the jury in this case was " that the defendants were guilty *as indicted*," and the penalty imposed upon them followed such conviction. If the two first counts in this indictment, as shown above, are nugatory and predicated upon a law which has no force, operation or effect in the locality where this offence is alleged to have been com-

mitted, then it follows that these defendants have been convicted for an offence not recognized by the law.

The third count in this indictment is also fatally defective, because it fails to allege the very essential prerequisite to the holding of a legal election to settle the question of prohibition or no prohibition, viz: " that a petition signed by one-fourth of the registered voters of Levy county was presented to the County Commissioners asking for such election, in pursuance of which an election was held, &c." Prather vs. State, 12 Tex., App. 401 ; Nininger vs. State, 8 So. West Rep., 480 ; Croom vs. State, 8 So. West Reporter, 681, and no evidence was offered to prove that any such petition and order for an election was ever presented or made.  Counsel submits without further argument that the court erred in forcing the juror, A. C. Tousey, upon the defendants after he had answered on the *voir dire* that he had formed an opinion in the case.

And submit also that the court erred in dismissing the juror, E. H. Brewer, for cause, when his answers on the *voir dire* showed him to be entirely competent to try the cause.  Rex vs. Edmunds Barn & Ald., 471-473; Ex parte Vermilyea, 6 Cow., 555 ; People vs. Vermilyea, 6 Cow., 108; Mann vs. Glover, 14 N. J. L., 205 ; State vs. Davis, 80 N. C., 412-414.

*The Attorney-General* for Defendant in Error.

RANEY, C. J. : The counts in the indictment in this case are in substance, omitting formal parts, as follows :

1st. That the defendants, naming them, on March 7th, 1888, in Levy county, in this State, unlawfully carried on the business of dealers in spirituous liquors without having obtained a license therefor.

· 2d. That on the day and year, and in the county and State aforesaid, the defendants did unlawfully sell intoxi-

cating liquors, to-wit, corn whiskey, without first having obtained a license therefor.

3d. That pursuant to the provisions of " An act to provide for the proper enforcement of the provisions of Article XIX of the Constitution of 1885," an election was held in the above named county on September 13th, 1887, to decide whether the sale of intoxicating liquors, wines or beer should be prohibited therein, and at such election a majority of the votes was cast against such sale in election district number one in said county ; and that thereafter on January 1st, 1888, and thence continually until the day of the finding of the indictment, the defendants did, at and in the county of Levy, unlawfully sell patent alcoholic bitters, to-wit : Orange mint, in the said election district number one.

The indictment appears to have been found on April 27th, 1888.

The first and second counts are based upon provisions of the General Revenue Act of 1887, Chapter 3681, approved June 13th in that year, and the third count is founded upon the statute for the enforcement of Article XIX of the Constitution, the title of which act is set out in the count, the same being Chapter 3700, and having received the Governor's sanction on June 2d of the same year.

The prosecution of any offence which is the creature of a statute, necessarily assumes that, in so far as the offence is concerned, the statute was in force in the locality where it was violated, at the time of the offending.   If on the day stated in the first and second counts, the General Revenue Law of 1887 was in force throughout Levy county, then any sale of " spirituous, vinous or malt liquors " anywhere in the county, without the vendors having at the time a license to sell, duly obtained in accordance with the provisions of said act, was a violation of the act and subjected the

offender to the prosecution and penalty provided by it. If, however, on the day named in these counts, or at whatever time there may have been any sale of such liquors, the statute just mentioned was not, in so far as it regulates the sale of such liquors, operative anywhere in Levy county, or, if elsewhere, not in the election district in which the sale was actually made, no prosecution obtains under the act.

The ninth section of this act provides that no person shall engage in or manage any business or occupation mentioned. in the section unless a State license shall have been procured as therein provided. Dealers in such liquors are required to pay $400 in each county for each place of business, as a State tax, to say nothing of the tax by counties or incorporated cities or towns.

Section ten enacts that any person who shall carry on or conduct any business or profession for which a license is required without first having obtained a license shall be guilty of a misdemeanor and be punished by a fine not exceeding double the amount of the license tax.

There is to the third paragraph of the ninth section, which paragraph prescribes the amount of the tax to be paid by dealers in spirituous, vinous or malt liquors, and by distillers of spirituous liquors, a *proviso:* "that no license shall be issued to any person to sell or distill spirituous, vinous or malt liquors in any county or election districts where such sale has been prohibited in pursuance of the Constitution and laws of this State."

The 19th, or local option Article of our Constitution ordains that the Board of County Commissioners of each county in this State shall, not oftener, however, than once in every two years, upon application of one-fourth of the registered voters of the county, call and provide for an election in the county to decide whether the sale of intoxicating li-

quors, wines or beer shall be prohibited therein. The question is to be determined by a majority vote of those voting. The article also provides that intoxicating liquors either spirituous, vinous or malt, shall not be sold in any election district in which a majority vote was cast against the same.

The statute of 1887, chapter 3700, providing for the proper enforcement of this article of the Constitution, enacts, *inter alia* by its first section that should a majority of the votes legally cast in the county at any such election be against selling, then no intoxicating liquors, wines or beer shall be sold in the county until otherwise determined by an election, but should a majority of those legally voting cast their ballots for selling, then such liquors, wines or beer may be sold in the county until it is otherwise determined by an election to be held in pursuance of the act. It is, however, provided by the statute that "intoxicating liquors, either spirituous, vinous or malt, or patent alcoholic bitters, shall not be sold in any election district in which a majority vote was cast against the same at the election."

The third section of this statute is as follows: "Any person who shall sell, or cause to be sold, any liquors, as provided in this act in any county voting against the sale of such liquors in such county, contrary to the provisions of this act, shall be deemed guilty of a misdemeanor, and upon conviction shall be fined in a sum not exceeding five hundred dollars, or imprisonment in the county jail not exceeding six months, or by both fine and imprisonment."

There is no doubt that it is to Article XIX, and the statute enforcing the same, and an election thereunder resulting in a majority of the votes of a county, or of an election district therein, that the proviso to the third paragraph of the ninth section of the General Revenue Law of 1887 refers. It is consequently plain, from a consideration of these statutes and the constitutional provision, wherever a

county has by a majority vote, at an election held pursuant to the article of the Constitution and the statute enforcing it, declared against the sale of intoxicating liquors, wines or beer in the county, or where any election district has so declared against the sale of them within its own limits, that until there shall be another election changing the status, those provisions of the General Revenue Law which regulate the sale of spirituous, vinous or malt liquors, are suspended and inoperative as to such county, or any election district therein, casting such a majority vote. Independent of the express declaration of the proviso to the third paragraph of the ninth section, the same conclusion is, we think, inevitable.

In Texas it was held in Robertson vs. State, 5 Texas Ct. of Ap., 155, that wherever the local option law has been adopted in accordance with the Constitution and been put in force, it operates to *repeal* all laws and parts of laws in conflict with it within the limits of such locality; and that the general law imposing an occupation tax on retail liquor dealers is not in force in localities where the local option law has been adopted. See also Boone vs. State, 12 Id., 184.

We do not think it amounts to a *repeal* of the General Revenue Statute, but to only a suspension of its operation, in so far as it regulates the sale of intoxicating liquors, wines or beer, as long as the local option article is in force in the county or any particular election district. Upon the local option article ceasing to be operative, these provisions of the revenue act which had been suspended by the enforcement of the article will resume their sway in the county or precinct. Of course the revenue act is not affected as to the operation of its liquor regulations in any county in which the local option article has not been put in force, but it stands on the statute book as a law to ope-

rate wherever and whenever it is not put in abeyance by an election under the article of the Constitution.

It results from what has been said above that a person cannot be indicted under the provisions of the General Revenue Law of 1887 for having sold intoxicating liquors, wines or beer, or for carrying on the business of a liquor dealer in a county or in an election district in which the local option article of the Constitution was at the time of such sale, or the carrying on of such business, in force. The theory of a prosecution under such statute is not simply that the person has sold the liquors, but has done so without first procuring a license permitting it. The article of the Constitution, when in force, prohibits the issue of any license to sell, as well as any sale of the liquors. It cannot be that a person can be indicted for not having obtained a license, the issue of which in the territory of the alleged offence is interdicted by the operation of a constitutional provision.

The verdict in this case finds the defendants "guilty as charged in the indictment," and the sentence is that each of them pay a fine of two hundred and fifty dollars and costs.

There is in the record nothing to show that the sentence or judgment was pronounced upon the first and second counts, as distinguished from the third, or upon the third as distinguished from the others, or upon any separate count. The sentence is of a character authorized by either of the statutes referred to above. The first and second counts, considered either separately or together, and the third count are entirely repugnant to each other, and cannot co-exisist in the same indictment as a basis of a prosecution of an offence, or offences, committed in the same locality. The former counts lay the venue, it is true, co-extensively with the county, but in doing so they necessarily cover election district Number One, and are as to it repugnant to the

third count. We cannot exclude them from this election district any more than from any other part of the county. Whether the repugnancy would be removed, if the language of the first and second counts confined them to the other districts or portions of the county, (Whar. C. P. & P., sec. 142; 1 Bp. Cr. Pro., sec. 375,) or whether a violation of the liquor provisions of the General Revenue Law in that part of a county in which the local option article of the Constitution is not in force, can be joined in the same indictment, though under separate counts, with an offence committed against the local option statute in an election district of the same county where the article of the Constitution has been put in operation, are questions which we are not called upon to decide at this time. People vs. Tweed, 60 New York, 559. The fact is, we have here a judgment based upon an indictment and verdict, both of which assumed two entirely repugnant and irreconcilable systems of law to be in force as to the same subject matter in one locality at the same time. Such a co-existence is an impossibility in fact as well as in law, and the judgment cannot stand, because it is impossible to say on which system it is based.

Looking into the bill of exceptions we see that the prosecution was zealously carried on under the two classes of counts.

It cannot be inferred from the testimony that less reliance for a conviction was placed on the first and second counts than on the third count, even though it does appear that the offendings as testified to under two classes of counts were all in election district Number One, and there is evidence in the line of both the county and the district having cast a majority vote against the sale of intoxicating liquors, wines or beer. Considering the verdict in connection with the indictment and the testimony, the only reasonable deduc-

tion is that the jury intended to find the defendants guilty under both classes of counts.

For reasons indicated above, we think the judgment should be reversed, and the indictment quashed. 1 Bp. Cr. Pro., section, 489; Whar. C. P. & P., section 256; State vs. Hand, 6 Ark., 165; Mills vs. Com., 13 Penn. St., 633.,

II. We do not think that it is the purpose or effect of the local option article, or of the statute enforcing the same, to prohibit the sale of any liquor, wine or beer that is not intoxicating. Where a particular liquor, wine or beer is named in the indictment, and it is not one ,of whose intoxicating character the courts take judicial notice, it should be alleged to be intoxicating. Bp. Stat. Crs., section 1038; State vs. Parker, 30 N. C., 439; Fries vs. State, 23 Fla., 267; Dansey vs. State, Id., 322. We are at least very much inclined to the opinion that we cannot take judicial notice that either orange mint, or the elixir of orange mint, or whatever might fall under the classification of "Patent Alcoholic Bitters" is intoxicating. These remarks are sufficient to suggest the advisability, if not the necessity for alleging as well as proving, the intoxicating quality of any liquor, wine or beer, if the State shall deem it necessary to be specific even to the degree of mentioning in the indictment the particular kind of liquor, wine or beer sold. Dansey vs. State, *supra*.

We deem it unnecessary to notice the other question further than to say that we think the third count, barring the objections mentioned above, would, standing alone, be sufficient under the local option statute. It, upon a plea of not guilty, would call for all the proof to sustain it that a more detailed averment might, upon casual inspection, seem to require. Alleging the sale with a continuendo as in this count is unnecessary. Of course it must be proved that the local option article was in operation in any county or elec-

tion district in which it is attempted to enforce the statute, at the time of the commission of the alleged offence against it.

The judgment is reversed, and the case will be remanded with directions to quash the indictment.