JOHN COOK, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. In a prosecution for a violation of the Local Option Statute, entitled "An act to provide for the proper enforcement of the provisions of Article XIX of the Constitution of 1885, Chapter 3700, Laws of Florida," approved June 2, 1887, it was necessary for the indictment to allege that the election to decide whether the sale of liquors, wines or beer should be prohibited in Franklin county, was held in pursuance to the provisions of said statute, or to state facts and circumstances sufficient to show that said election was held in pursuance to the provisions of the statute, and the indictment failing to show either, it is fatally defective.

2. The indictment alleges that the election in Franklin County "was held in the manner prescribed by law," which means that the election was held and conducted under the general election laws of the State, as required by the provisions of the Local Option Statute, but this allegation does not show, nor does it tend to show, that said election was held pursuant to the provisions of the Local Option Statute.

3. All indictments upon statutes must state the circumstances which constitute the definition of the offence in the act, so as to bring the defendant precisely within it, and a conclusion "whereby, by force and effect of the statute in such case made and provided, he, the said John Cook, is deemed to have committed a misde-

meanor, against the form of the statute in such case made and provided," will not aid a defect in this respect.

Writ of error to the Circuit Court for Franklin county.

The facts of the case are stated in the opinion of the court.

*John W. Malone* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MITCHELL, J.: The plaintiff in error was tried in the Circuit Court, Spring term, 1889, upon an indictment charging him with "unlawfully selling, and causing to be sold, certain intoxicating liquor, to-wit: whiskey. The said county of Franklin having before that time, to-wit on the 23d day of August, A. D. 1887, held an election in said county, in the manner prescribed by law, to decide whether the sale of intoxicating liquors, wine or beer, should be prohibited in said county, and a majority of the votes legally cast at said election having been given in favor of prohibiting the sale of such liquors, wine or beer," &c. The defendant pleaded not guilty, the issues were submitted to a jury and the defendant was convicted. Motion was made for new trial, which was overruled, and the plaintiff in error brings his case before this court on a writ of error, and assigns various grounds for reversal, the first, and only one of the grounds we think it necessary to consider, is, the overruling of the motion to quash the indictment.

This prosecution was for a violation of the Local Option statute, entitled "An act to provide for the proper enforcement of the provisions of Article XIX of the Constitution of 1885," Chapter 3700 Laws of Florida, approved June 2, 1887.

The first section of this act provides, that it shall be the duty of the Board of County Commissioners of each county in this State, upon the presentation to said board at a regular or special meeting thereof of a written application asking for an election in the county in which said application is made, to decide whether the sale of intoxicating liquors, wines or beer shall be prohibited therein, and signed by one-fourth of the registered voters of said county, to order an election in said county, not oftener than once in every two years, to decide whether the sale of intoxicating liquors, wines or beer should be prohibited in said county. This section also provides for the giving of notice for the holding of said election, the appointment of deputy registration officers ; and for the giving of notice by such registration officers to parties entitled to register, that the registration books will be opened at the polling place in each district, &c., &c. This statute also provides that said election shall be held and conducted in the manner prescribed by law for holding general elections.

The indictment in this case contains no averment that the election alleged to have been held in Franklin county was held pursuant to the provisions of said Local Option act, nor does it contain any allegation stating facts and circumstances to show that said election was held under the provisions of said act. In the case of Butler & Chapman, decided at the last January term of this court, and reported in 6 So. Rep., 67, we held, that in prosecutions for the violation of the Local Option act, a count in an indictment which alleged that the election in Levy county was held in pursuance of the provisions of the Local Option act, was sufficient to show that said election was held according to the provisions of said act without stating the facts and circumstances under which it was held.

But, under this general allegation that said election was

held pursuant to the provisions of this Local Option act, it is incumbent upon the State to prove that the election was held pursuant to all the provisions of said act, including the necessary legal steps leading up to the ordering of the election, the holding of the same, and the result thereof; and, in order to admit such proof, it is necessary for the indictment to contain allegations showing that said election was held in pursuance of the provisions of the statute, otherwise the evidence would clearly be inadmissible, for it is an established rule of evidence, that the evidence offered must correspond with the allegations, and be confined to the point in issue. 1 Greenleaf on Evidence, Section 51. In the case at bar, there was no issue as to any election being held under the Local Option law, and, hence, no evidence could legally be admitted to prove that such election was held. The only allegation contained in the indictment that has any reference to an election, is that which says that the election in Franklin county "was held in the manner prescribed by law." But what is the meaning of the statute which requires such elections to be "held and conducted in the manner prescribed by law for holding general elections?" Certainly, that after the necessary legal steps in calling the election are complied with, the election is to be held as in other cases, but stating that the election was held in the manner prescribed by law, does not show, nor does it tend to show, that the necessary legal steps were taken authorizing the County Commissioners to call the election; nor does it show, or tend to show, that the deputy registration officers, appointed under the provisions of said Local Option act, or the Clerk of the Circuit Court, had legally discharged their several duties in regard thereto before the holding of said election, and for these reasons, in our opinion, the indictment is fatally defective, and the

court below erred in overruling the motion to quash the same.

An indictment for an offence described and defined by statute, as in this case, must state all the facts and circumstances which constitute the offence, or the party is not brought within the provisions of the statute. Humphries vs. State, 17 Fla., 381. And in an offence created by statute, it is necessary that the defendant should be brought within all the material words of the statute and nothing can be taken by intendment. Snowden vs. State, 17 Fla., 386 ; Dennis vs. State, 17 Fla., 389; Tilly vs. State, 21 Fla., 242.

The conclusion of the indictment in the case before us is : " Whereby by force and effect of the statute in such case made and provided, he, the said John Cook, is deemed to have committed a misdemeanor, against the form of the statute in such case made and provided." This is the mere formal conclusion of the indictment, and can cure no defect appearing in the body or charging part thereof. Stevens vs. State, 18 Fla., 903.

The judgment and sentence of the court below are reversed, and the cause remanded with directions to quash the indictment.