FRANK HOLTON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

INTERCOURSE WITH FEMALES WITHIN PROHIBITED AGE.—Indictment—Constitutionality of law—Evidence.

1. Chapter 3760, Laws of 1887, entitled " An act to protect females of immature age and judgment from licentiousness," held not to be obnoxious to that provision of section 16 of Article III, Constitution of 1885, that provides: "Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title."

2. A liberal rule of construction should be applied when the constitutionality of legislative enactments are questioned; and every reasonable doubt should be resolved in favor of the constitutionality of the act assailed.

3. An indictment under the provisions of Chapter 3760, Laws of 1887, is sufficient if it charges the offense in the language of the statute, every necessary ingredient of the crime being included in the words of the statute.

4. It is unnecessary, in such an indictment, to allege that the act charged was with or without consent, or with or without force; or that it was knowingly or wilfully committed.

5. In such cases testimony as to the prior habits or character of the female is inadmissible, as it is immaterial.

Writ of Error to the Circuit Court for Columbia county.

The facts of the case are stated in the opinion of the court.

*B. B. Blackwell* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

TAYLOR, J.:

The plaintiff in error was indicted at the Summer term, 1890, of the Circuit Court for Columbia county, in the Third Judicial Circuit, under the provisions of Chapter 3760, Laws of 1887, as follows: "The grand jurors for the State of Florida, duly chosen, empaneled and sworn diligently to enquire and true presentment make, in and for the body of the county of Columbia, and Third Judicial Circuit of said State, upon their oaths present: That Frank Holton, late of said county, laborer, on the first day of August, A. D. 1890, at and in the county, circuit and State aforesaid, with force and arms, unlawfully did then and there carnally know and have carnal intercourse with one Irene Alexander, an unmarried female under the age of seventeen years; and that the said Irene Alexander thereby became pregnant with child and was delivered of a child.

So the jurors aforesaid, upon their oaths aforesaid, do say that the said Frank Holton, at the time aforesaid, and in the county, State and circuit aforesaid, did commit the crime of having carnal intercourse with an unmarried female under the age of seventeen years of age, against the peace and dignity of the State of Florida, and contrary to the form of the statute in such cases made and provided."

The defendant was tried and convicted at the February term, 1891, and sentenced, as the statute provides, to two years imprisonment in the State's prison. From this judgment and sentence a writ of error is taken to this court.

Before the trial the defendant by his counsel moved to quash the indictment on the following grounds : "1st. Because the indictment only recites the statute, and does not contain sufficient allegation of the offense under the statute. It should allege knowingly and wilfully; 2nd. Because the indictment does not allege sufficiently whether the carnal knowledge was with the consent of the female mentioned, or whether by force; 3rd. Because said indictment does not set forth an offense falling within the statute; 4th. Because the facts and circumstances of the offense charged are not set forth in the indictment; 5. Because the indictment is indefinite, uncertain and double; 6th. The clause of the statute under which the defendant is indicted is not expressed in the title of the act." This motion was de-

nied, to which exception was taken, and its denial is the first of the errors assigned. After verdict, motion in arrest of judgment was made upon the following grounds : "1st. Because the clause of the statute upon which the indictment is based is unconstitutional; 2nd. Because the whole statute is unconstitutional; 3rd. Because the indictment is only a recital of the statute, and does not contain sufficient allegation to charge an offense under the statute; 4th. Because the indictment is double, indefinite and uncertain." This motion to arrest the judgment was also denied, to which exception was taken, and its denial is the second error assigned. As the motion to quash the indictment and in arrest of judgment invole substantially the same questions, they will be discussed together. The first objection to the indictment is, that it is couched only in the language of the statute, and that it does not contain sufficient allegation of the offense under the statute; and it is contended that it should allege the act to have been "knowingly and wilfully" done. The crime here charged is strictly statutory, and every necessary ingredient of the offense is contained within the words of the statute that is as follows : "That whosoever shall have carnal intercourse with any un-married female who is under the age of seventeen years, or whosoever shall procure for prostitution, or cause to be prostituted, any such female, shall be guilty of a felony, and upon conviction therefor shall be pun-ished by imprisonment in the State penitentiary for

two years." This statute really constructs three distinct offenses: First, the carnal intercourse with an unmarried female under seventeen years of age; second, the procuring of any such female for the purpose of prostitution, and, third, the causing of any such female to be prostituted; all of them punishable with the same penalty, but requiring a different state of facts to constitute each one. The necessary ingredients of the first of these offenses are, the carnal intercourse with a female, who shall be unmarried, and who shall be under the age of seventeen years. Whether such intercourse was with or without her consent, can make no difference; neither does it matter whether the female be of previous purity or impurity of life. The object of the law is to deter men, by the severe penalty imposed, from voluntarily seeking intercourse with unmarried females within the prohibited age. Not only that the pure may be shielded from contamination, but that the fallen shall be deprived of the opportunity to further continue their life of sin. We think the indictment sufficiently charges the offense; indeed, we are unable to see how anything further could be added to its allegations that would make its description of the offense more full or complete. It charges the carnal intercourse with an unmarried female under the age of seventeen years. If these several facts be proved, the crime is made out. Tilly vs. State, 21, Fla., 242; Stevens vs. State, 18 Fla., 903; Snowden vs. State, 17 Fla., 386; Humphreys vs. State, *Ibid*, 381. It is further contended that this indictment should allege whether

the intercourse was by force, or with the female's con-
sent.    This    position    is    untenable.    The    crime
here    charged    may    be    committed    without    force,
and    with    the    female's    consent.    If    committed
with force and against her consent it would be punish-
able as rape, but the indictment in such case would
have to contain apt words in order to bring the offense
within the statute definition of rape.    It is not pre-
tended here that there was either force or want of con-
sent; but as we have seen, the offense is perpetrable in
the absence of both these features, hence there was no
necessity to allege either.  Another contention is, that the
indictment should have alleged the offense to have
been "knowingly and wilfully" done.    This position
is also untenable.  It is unlawful *per se* to carry on such
practices with any female not the lawful wife of the
malfeasor, and we think that the offense here, so far
as intent is involved, comes within the rule, that a man
shall be held responsible for all the consequences of
his wrongdoing.    By having illicit intercourse with any
female he violates the law;  should it turn out that the
partner in his crime is within the prohibited age, he
will not be allowed to excuse himself by asserting ig-
norance as to her age.    It is further contended that the
statute above quoted is obnoxious to the following
provision of section 16, Art. III, of the Constitution of
1885:    "Each law enacted in the Legislature shall em-
brace but one subject and matter properly connected
therewith, which subject shall be briefly expressed in
the title."    The title of the act quoted above is as fol-

Frank Holton v. The State of Florida.—Opinion of Court.

lows: "An act to protect females of immature age and judgment from licentiousness." We cannot see wherein this statute, coupled with its title, fails to comply strictly with this constitutional requirement. The object or subject of the act is single, viz: To shield and protect females of immature age and judgment from licentiousness. Every provision thereof, though constructing three several offenses as we have seen, aims at and is calculated to effect that single object— the protection of females under a given age from licentiousness, which term (licentiousness) is technically defined in 2nd Abbott's Law Dictionary as being equivalent to "lewdness." We think the title of this act is particularly appropriate to the subject or object of the act, and that in brief terms it is very expressive of such subject. But, even if it was not clearly so, and presented room for doubt as to its compliance with the constitutional requirement, under the established rules of construction in such cases, it would be our duty to resolve such doubt in favor of the constitutionality of the act. While this provision of the constitution is mandatory and of as much binding force upon the Legislature and upon the courts as any other provision in that instrument, and while it is the duty of the courts to declare legislative enactments void, when questioned, that are clearly non-compliant with its requirements, still the courts in construing the acts of the legislative branch of the government should always apply a liberal rule, and refuse to declare its action void, except in

clear cases that are free from every reasonable doubt. In Allegany County Home's Case, 77 Penn. St., 77, it is held " that it will not do to impale the legislation of the State upon the sharp points of criticism, but we must give each title, as it comes before us, a reasonable interpretation. If the title fairly gives notice [of the subject of the act, so as reasonably to lead to an inquiry into the body of the bill, it is all that is necessary. It need not be an index to the contents." In City of Rochester vs. Briggs, 50 N. Y., 553, it is held that " it is not requisite that the most expressive title should be adopted, nor should courts criticise too rigidly the details of a bill to find extraneous matter. Every presumption is in favor of the validity of legislative acts, and they are to be upheld, unless there is a subtantial departure from the organic law." In State vs. Board of Commissioners of Montgomery County, 26 Ind., 522, it is held that "where a matter is so closely connected with the subject of the act as to create a doubt whether it be not included within the subject, we will not seriously consider the question whether the legislative action upon it violates the constitutional prohibition." In Grover vs. Trustees, etc., 45 N. J. (Law), 399, it is held "that the court must see that the language used in the title, on a fair construction, indicates the purpose of the Legislature to legislate on the subject contained in the body of the act, so that, making every reasonable intendment in favor of the legis-

Frank Holton v. The State of Florida.—Opinion of Court.

lative action, it may reasonably be said that the object
of the law is expressed in its title." In Matter of Ap-
plication of Dept. of Public Parks, 86 N. Y., 437, it is
held that " the constitutional provision referred to does
not require that the title should be exact and precise
in all respects, and it is a sufficient compliance with
its terms if this is done fairly and in such manner as
to convey to the mind an indication of the subject to
which it relates." In Montgomery Mutual Building
& Loan Association vs. Robinson, 69 Ala., 413, it is
held that "the duty of the General Assembly is met
when the title draws attention directly to the subject.'
In City of St. Louis vs. Green, 7 Mo. App., 468, it is
held that "the constitutional provision that no bill
shall contain more than one subject, which shall be
clearly expressed in its title, is not violated where the
general title is not used as a cloak for legislating upon
different matters, or where incongruous matters are not
joined." In State vs. County Judge, 2 Iowa, 280, the
court say : "In determining whether a law is consti-
tutional, under that provision of the constitution which
declares that every law shall embrace but one subject,
which shall be expressed in the title; the unity of ob-
ject is to be looked for in the ultimate end designed to
be attained, and not in the details leading to that end."
In Municipality vs. Michoud, 6 La. Ann., 605, it is
held " that the title of a law should not be interpreted
in a strict or technical sense; and that it was sufficient

that the object of the law be stated in its title, according to the understanding of reasonable men." In Johnson vs. Higgins, 3 Met. (Ky.), 566, it is held that "the rule is, that the section should receive a reasonable and not a technical construction; and that no provision of statute relating directly or indirectly to the subject expressed in the title, having a natural connection therewith, and not foreign to the same, should be deemed within the constitutional inhibition." In Gillitt vs. McCarthy, 34 Minn., 318, it is held that "insertion in a law of matters which may not be verbally indicated by its title, if suggested by it, or connected with or proper to the more full accomplishment of the subject so indicated, is held to be in accordance with its spirit." State ex rel. Gonzalez vs. Palmes, 23 Fla., 620. Applying these principles of construction to this case; we can see no salient point successfully to assail the constitutionality of this act. At the trial the defendant offered to prove by several witnesses that the female, with whom the illicit intercourse was had, was of previous lewd character and had been guilty of such intercourse with others, which evidence, upon objection, was ruled out by the court, and this ruling is assigned as error. The inhibition of this statute is aimed entirely at the masculine gender, and prohibits him under severe penalty from holding such intercourse with any unmarried female under the age of seventeen years—the Legislature having seen proper to fix that

age as the time, according to the title of the act, when females should be considered of mature age and judgment; under that age to be regarded as of immature age and discretion. The spirit and meaning of the act is to protect such immature females by deterring men from either starting them off on the pathway of prostitution, or by continuing them on such devious way. So that when such illicit intercourse, and the fact that the female is unmarried and under the age of seventeen years, is established, the crime is made out, and it makes no difference, as before stated, whether she be previously pure or impure. The evidence in question was properly ruled out.

The judgment and sentence of the court below must be affirmed, and it is so ordered.