SHELDON STRINGER, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

To an information charging the accused with carrying on and engaging in the business of dealer in spirituous, vinous and malt liquors in Hernando county, Florida, without a license, he interposed a plea to the effect that prior to the time when the offense is alleged to have been committed, and before the filing of the information, an election had been properly held in said county under the provisions of Chapter 3700, laws of Florida, to determine whether or not the sale of such liquors should be prohibited in said county, and at said election a majority of the votes legally cast were in favor of prohibiting the sale of such liquors; on motion of the State the court struck from the files this plea on the ground that it was no defense to the charge; *Held*, to be error. If the plea be true there was no law in force in the county at the time, upon which an information could be predicated for selling liquors without a license.

Writ of error to the Circuit Court for Hernando county.

The facts of the case are stated in the opinion of the court.

*J. B. Wall and John P. Wall, Jr.,* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MABRY, J.:

An information was filed against plaintiff in error in the Hernando Circuit Court on the 30th day of September, A. D. 1892, for engaging in and carrying on the business of dealer in spirituous, vinous and malt liquors, and for selling certain of said liquors, to-wit: alcohol, brandy, whiskey, gin, rum, wine, lager beer and rice beer, without first having obtained a State license to engage in carrying on and conducting the same. The information, after first reciting that it is filed by the proper law officer, gave the court to be informed that "Sheldon Stringer, late of the county of Hernando aforesaid, in the circuit and State aforesaid, on the first day of October, in the year of our Lord one thousand eight hundred and ninety-one, with force and arms, at and in the county of Hernando aforesaid, unlawfully did engage in carrying on and conducting the business" as above stated, against the form of the statute in such cases made and provided, and against the peace and dignity of the State of Florida. To this information the accused filed a plea to the effect that the State ought not to prosecute or maintain the said information against him, because on the first day of June, A. D. 1891, an election was ordered by the board of county commissioners of the county of Hernando upon the application of more than one-fourth of the registered

voters of said county, under and by virtue of the provisions of Chapter 3700, laws of Florida, to determine whether or not the sale of intoxicating liquors, wines and beer should be prohibited in said county; that said election was duly held on the 16th day of July, 1891, in accordance with said order, after having been duly advertised according to law, and at said election a majority of the votes legally cast were in favor of prohibiting the sale of intoxicating liquors, wines and beer in said county, as will fully appear by reference to minutes of the board of county commissioners, copies of which were attached and made a part of the plea. The copies of the minutes referred to show an order of' the board calling, upon a petition of more than one-fourth of the registered voters of Hernando county, an election under Chapter 3700, laws of Florida, and also a canvass in July, 1891, of the vote at this election, and a declaration of a majority of one hundred and thirty votes found against the right to sell in said county. On motion of the State attorney that said plea constitutes no defense to the charge in the information, and for other sufficient grounds appearing upon its face, the court struck it from the files, and the accused filed the plea of the general issue. Upon a trial he was convicted and adjudged to pay a fine of one hundred dollars, and the costs, and from this judgment a writ of error has been sued out.

After verdict the defendant moved in arrest of judgment, because the court erred in striking out the special plea of the defendant to the information, and this motion was overruled. Exception to this ruling was taken at the time and an assignment of error is based upon it here. The information charges the defendant with conducting the business of dealer in spirituous, vinous and malt liquors, and selling the

same without obtaining a license for this purpose, which was clearly a violation of the revenue act of 1891, Chapter 4010. The plea sets up that in July, 1891, an election was held in Hernando county as provided by the act of the legislature, Chapter 3700, providing for an election under the local option article of the Constitution of 1885, and that the majority vote at this election was against the right to sell spirituous, vinous and malt liquors in said county. If the election was held, and resulted as alleged in the plea, the revenue act to the extent of authorizing the sale upon the procurement of a license was suspended, and not in operation at the time of filing the information, and when the offense is alleged therein to have been committed. If the plea be true, there was no statute then in operation in that county to sustain the information. This point is so fully considered in the case of Butler and Chapman vs. State, 25 Fla., 347, 6 South. Rep., 67, as to render any further discussion of it here unnecessary. The plea, if true, was a complete defense to the charge contained in the information, and the court committed an error in sustaining the motion to strike it out.

Nothing need be said in reference to the other assignments of error.

For the error in striking out the plea, the judgment is reversed, with directions that such further proceedings be had on the plea as is conformable to law.