WILLIAM R. CASON, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Where there has been an election under the local option article of our Constitution of 1885, and legislation in pursuance thereof, with the result adverse to the sale of intoxicating liquors, wines and beer in any county or election district in this State during the period of the operation of the result of such election, all statutes authorizing or licensing the sale of such liquors, wines and beer are suspended.

2. To an indictment for engaging in and carrying on the business of a liquor dealer in Lee county, without first having obtained a State license therefor, a special plea in abatement which shows that an election was ordered by "the County Commissioners of Lee county, upon a petition of one-fourth of the qualified electors;" that the purpose of said election was "to determine whether the sale of intoxicating liquors, wines and beer should be prohibited in said county; that said election was duly advertised and held according to the law on the said 19th day of September, 1893, and a majority of all the votes cast at said election having been cast in favor of prohibiting the sale of such liquors in Lee county it was duly declared by the proper officers that the sale of liquors in Lee county should be prohibited," was not vague and uncertain; but, on the contrary, is sufficiently definite and certain, and it was error to sustain a demurrer thereto.

Writ of Error to the Circuit Court for Lee county.

The facts in the case are stated in the opinion of the Court.

*Wall & Stevens*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

LIDDON, J.:

The indictment found against the plaintiff in error in the Circuit Court of Lee county charged that he, in said county, "unlawfully did engage in and conduct the business of dealer in spirituous, vinous and malt liquors, and did sell and cause to be sold certain spirituous, vinous and malt liquors and alcohol, without first having obtained a State license to engage in, carry on, and conduct same." To this indictment the said plaintiff in error filed a special plea to the following effect: That the State of Florida ought not to have or maintain the aforesaid indictment against him herein, because he says that heretofore, to-wit: on the 7th day of August, A. D. 1893, the County Commissioners of Lee county, upon a petition of one-fourth of the qualified electors in said county, ordered an election to be held on the 19th day of September, A. D. 1893, to determine whether the sale of intoxicating liquors, wines and beer should be prohibited in said county; that said election was duly advertised and held according to law on the said 19th day of September, and a majority of all the votes cast at said election having been cast in favor of prohibiting the sale of such liquors in Lee county, it was duly declared by the proper officers that the sale of liquors in Lee county should be prohibited. And this defendant says that at the time at which this defendant is charged with selling liquors without a license, the revenue laws of Florida authorizing the sale of spirituous, vinous and malt liquors was not in force in the said

county of Lee; wherefore this defendant prays judgment of the said indictment, and that the same be quashed.

The State Attorney demurred to this plea upon the grounds (1) of vagueness and uncertainty; (2) failure to set out the nature or time of the advertisement of the notice of the special election, so as to show that it complied with the law; and (3) failure to show that the law in regard to local option was complied with in respect to the appointment of inspectors, form of ballots, or in the canvass of the results of said election. The court sustained this demurrer, and defendant afterward plead not guilty. Having been convicted upon trial, and motions for new trial and in arrest of judgment having been denied, he sues out the present writ of error.

The vital point in the case arises upon the ruling of the Circuit Court sustaining the demurrer to the defendant's special plea. It has been determined by this court, where there has been an election under the local option article of our Constitution of 1885, and legislation in pursuance thereof, with the result adverse to the sale of intoxicating liquors, wines and beer, in any county or election district of this State, that during the period of the operation of the result of such election, all statutes authorizing or licensing the sale of such liquors, etc., are suspended. Butler and Chapman vs. State, 25 Fla. 347, 6 South. Rep. 67; Stringer vs. State, 32 Fla. 238, 13 South. Rep. 450. The only question, therefore presented is whether the plea sufficiently shows that an election of the character above referred to has been held, with a result prohibitory of the sale of liquors in Lee county. It would not be sufficient, we think, to simply allege

that an election was held in pursuance of law, but it must be expressly alleged that the election was held under the statute made for the enforcement of the local option article of our Constitution, or sufficient facts and circumstances must be stated to show that the election was held in pursuance of the provisions of such statute. Cook vs. State, 25 Fla. 698, 6 South. Rep. 451. The plea states that the election was ordered by "the County Commissioners of Lee county upon a petition of one-fourth of the qualified electors;" that the purpose of said election was "to determine whether the sale of intoxicating liquors, wines and beer should be prohibited in said county," etc. The plea follows almost the exact language of the statute, and is sufficient to show that the election referred to was held under and in pursuance of the provisions of the statute. Rev. Stat., sec. 857 *et seq.* We do not think the plea was vague and uncertain. Neither do we think that the plea should set out the nature or time of the advertisement of such election. The allegation that the election was duly advertised and held according to law is sufficient. Neither is it necessary that the plea should be so minute as to details as claimed by the third ground of a demurrer. An indictment in which the averments of the election in a similar case were not more specific or in detail was held sufficient in Butler and Chapman vs. State, *supra.* See, also, Cook vs. State, 25 Fla. 698, text 700. If such averments are sufficient for an indictment, they ought to be sufficient for a plea. They would call for all the proof that more detailed averments would require. The court erred in sustaining the demurrer to the plea. It should have sustained the demurrer, and

have required the State Attorney to join issue upon the plea.

The judgment of the Circuit Court is reversed with directions that such further proceedings be had as may be consistent with law and this opinion.