CITY OF LIVE OAK, *Plaintiff in Error*, v. JOHN JACKSON,
*Defendant in Error.*

Opinion Filed November 25, 1913.

MUNICIPAL LAW—ORDINANCE PROHIBITING SALE OF IN-
TOXICANTS IN CITY LIMITS IS NOT VOID BECAUSE IT
FAILS TO RECITE THAT PROHIBITION IN SUCH TER-
RITORY HAD BEEN ESTABLISHED BY AN ELEC-
TION HELD FOR THAT PURPOSE.

Although the power of a city to enact an ordinance forbidding the
sale of intoxicants within the city limits with penalties for
its violation, is dependent upon the precedent fact that an
election has been held in the county under the local option
article of the constitution and prohibition duly established
in the territory covered by said ordinance by said election,
yet because said ordinance does not mention or recite the
fact that said election had been held and prohibition estab-
lished thereby within the city limits, does not render the
ordinance inoperative or void—but the ordinance is valid and
stands in full force so long as said status continues of pro-
hibition within the territory covered by it as established by
the vote of the electors at an election held to decide the
question of prohibition or no prohibition in said territory.
Should the status of prohibition so established be at any
future time dis-established in said territory by another elec-
tion called and held to re-test the question, then the ordi-
nance in question would be automatically suspended in its
operation so long as said new status of non-prohibition
existed in the territory covered thereby. The affidavit charg-
ing a violation of such an ordinance must in every case allege

an election held pursuant to law and prohibition duly established thereby within such territory, and this allegation must be established by proof.

Writ of error to Circuit Court of Suwannee County; Mallory F. Horne, Judge.

Judgment reversed.

*A. Lee Humphreys,* for Plaintiff in Error;

*Davis & Whitnell,* for Defendant in Error.

TAYLOR, J.—The defendant in error was tried, convicted and sentenced by the Mayor of the City of Live Oak to pay a fine of $500.00 and to imprisonment at hard labor on the streets of said city, in the city jail for a period of ninety days, upon the following affidavit: "Before me the undersigned personally came J. F. Kinkaid, complaining, who being duly sworn, says that one John Jackson did, on the 7th day of April, A. D. 1913, violate Section 33 of Ordinance No. 12, of the Ordinances of the City of Live Oak, Florida, by then and there selling spirituous, vinous and malt liquors in the city of Live Oak, Florida, the sale of said spirituous, vinous and malt liquors being then and there wholly forbidden in Suwannee County, Florida, by an election held for the purpose on the 27th day of August, A. D. 1889."

The section of the ordinance alleged to have been violated is as follows: "Section 33. That no person, firm or corporation shall sell or cause to be sold within the incorporate limits of the City of Live Oak any intoxicating spirituous, vinous or malt liquors; any person, firm or corporation that shall sell, or cause to be sold any spirit-

uous, vinous or malt intoxicating liquors upon conviction therefor, before the Mayor, shall be punished by a fine not less than Twenty Dollars, nor exceeding Five Hundred Dollars, or by imprisonment in the city prison not exceeding three months, or both fine and imprisonment at the discretion of the Mayor."

Upon his conviction and sentence the said defendant procured a writ of *habeas corpus* from the Circuit Court of Suwannee County upon the ground that the City of Live Oak had no power to adopt or enact such an ordinance without stating therein that the sale of intoxicating liquors, wines and beer had been prohibited in said city by an election held for that purpose, and that said ordinance was therefore void, and, consequently that his conviction and sentence for violation thereof were likewise void. Upon the hearing of the *habeas corpus* the Circuit Judge agreed with the contentions of the defendant, and discharged him from custody, and for a review of this judgment the City of Live Oak brings the case here by writ of error.

The Circuit Court below erred in this ruling. Section 1071 of the General Statutes of 1906, provides as follows: "When the sale of spirituous liquors, wines or beer is wholly forbidden in any county or precinct pursuant to an election duly held for that purpose under the constitution and laws of this State, then any city or town incorporated under the general or special laws of this State relating thereto, and situated in such county or precinct so voting against such sale, may pass such reasonable ordinance or ordinances to prevent or suppress illegal sales of such intoxicants while such sale is so forbidden, and affix such reasonable penalty or penalties

thereto for the violation thereof, as such city or town council shall prescribe."

The power of the city to pass the ordinance in question, under the provisions of this statute depended upon the fact, dehors the provisions of the ordinance itself, whether the sale of intoxicants had been prohibited in the territory covered by the ordinance by virtue of an election held for that purpose under the provisions of Article XIX of the Florida Constitution, but we see no reason why the ordinance itself should recite this fact upon which the city's power to enact it depended. The vote of a majority of the electors against the sale of intoxicants in a county at an election held to test the question, is the power that prohibits the sale of such intoxicants in such county. So long as such prohibition exists in such county, just so long has an incorporated city or town in such county the power to enact and enforce ordinances forbidding the violation within its corporate limits of the prohibition so established against the sale therein of intoxicants. Should the prohibition so established be at any future time dis-established in said county by another election legally called and held to test the question, then the ordinance in question would be automatically suspended in its operation so long as said condition of non-prohibition existed in said territory covered thereby. Butler v. State, 25 Fla. 347, 6 South. Rep. 67; Cason v. State, 37 Fla. 331, 20 South. Rep. 547. As we held in the cases of Cook v. State, 25 Fla. 698, 6 South. Rep. 451, and Butler v. State, *supra,* the indictment must in every such case alleged an election held pursuant to law and prohibition established thereby, and this allegation must be established by proof.

The ordinance here questioned makes it an offense

against the government of the city to violate within the
city limits the state of prohibition established by an
election of the people of such territory. The defendant
does not deny that such state of prohibition existed in
such city, but his complaint is that the ordinance, to be
valid, must have in some way recited the fact. It was
enough for him that the affidavit upon which he was
tried and convicted alleged the fact that prohibition
has been established in said territory by an election of
the people there held, and that he had there violated such
prohibition contrary to the provisions of such ordinance.

The judgment of the Circuit Court in said cause is
hereby reversed and the defendant in error remanded to
the custody of the officer detaining him to be dealt with
according to law, at the cost of the defendant in error.

SHACKLEFORD, C. J., AND COCKRELL, HOCKER AND WHIT-
FIELD, J. J., concur.