PATTON *vs.* THE STATE OF GEORGIA.

1. If the special local option law of December 24th, 1884, for Habersham county, went into effect on the 5th of August, 1885, it was not too late to prosecute at March term, 1887, of the superior court of such county, for a misdemeanor committed whilst the general law of the State touching the sale of spirituous liquors was in force in that county. (Rep.)

(*a*) The indictment being found at March term, 1887, though it alleged the commission of the various offences charged on February 1st, 1887, it was allowable for the State to prove their commission at any time within two years preceding the finding of the indictment. (Rep.)

2. The indictment was good if it were adapted to the general law, as it obviously was in this case, but the State would have to prove that the alleged acts, or some of them alleged in the various counts, were done whilst the general law was of force in Habersham county, and within two years preceding the finding of the indictment. (Rep.)

3. But the evidence not only showed that the sale in question was made after the general law ceased to be operative, but it failed to show that the sale took place before the indictment was found; the indictment being found at the spring term of Habersham superior court, which, by law, begins on the first Monday in March and may continue two weeks, while the evidence simply showed the sale was made in the spring of 1887. (Rep.)

May 7, 1888.

Criminal law. Indictment. Limitations. Liquor. Ev-
idence.   Before Judge WELLBORN.   Habersham superior
'court.   September term, 1887.

The defendant was indicted, at March term, 1887, by the
grand jury of Habersham county for selling, without license
and taking the oath prescribed in the code, spirituous liq-
uors in quantities less than a gallon; also for selling with-
out registering as a dealer; also, after having registered,
for failing and refusing to pay the tax required of such
dealers; also for selling at retail without taking the oath
prescribed and paying the license to the county authority
or a municipal authority authorized to grant licenses.
Each count laid the offence as committed on the first of
February, 1887.   When the case was called, and before
pleading, the defendant demurred to the indictment on the
following grounds:

(1) That the license or retail laws recited in the indict-
ment as having been violated were repealed by the special
local option law for Habersham county, passed December
24, 1884, ratified by the people of that county at an elec-
tion held August 5, 1885, for that purpose, and proclaimed
by the ordinary on September 11, 1885, as going into effect.

(2) That there is no law in force in Habersham county
under which the defendant can, if convicted, be punished
for the acts charged in the indictment.

The demurrer was overruled.   On the trial, the State
showed, by one witness, that he bought whiskey from de-
fendant once or twice the spring before, and paid for it;
and that this buying was the same as he testified about at
the last term of court, when the defendant's husband was
on trial for selling whiskey.   Another testified that he
bought fifteen cents worth of whiskey from the defendant
at Clarkesville some time in the spring, paid part and
owed part; and that this was not the same transaction as
he testified about at the previous term of court when the
husband of defendant was on trial.   The defendant, in her

statement at the trial, said that she never owned or bought any whiskey for sale; that her husband had some, and was taken up, tried and fined; and that the second witness above mentioned came and said his wife was sick with measles, got the whiskey and promised to pay for it, but never did.

The jury found the defendant guilty. She moved in arrest of judgment on the same grounds as those set forth in her demurrer, and the motion was overruled. She then moved for a new trial on the following grounds:

(1) The court erred in overruling the demurrer.

(2) The court erred in charging the jury that if the defendant sold whiskey, as charged, she was guilty, unless she had shown a license from the ordinary or other proper authority authorizing her to make the sale.

(3) The court erred in refusing to charge that the buyer of whiskey is an accomplice to the crime of selling whiskey unlawfully, and whilst his testimony is admissible, it comes before the jury with the suspicion attached by law to the testimony of an accomplice; and the jury would be warranted in disbelieving it, unless corroborated, if they saw proper.

(4) The verdict was contrary to law and evidence.

The motion was overruled. The defendant excepted to the overruling of this motion, and also specially to the overruling of her demurrer and of the motion in arrest of judgment.

W. S. ERWIN and C. H. SUTTON, for plaintiff in error.

HOWARD THOMPSON, solicitor-general, by W. F. FINDLEY, for the State.

BLECKLEY, Chief Justice.

1. By the code, §4664, it is declared that offences shall be prosecuted and punished under the laws in force at the time of the commission of the same, notwithstanding the

repeal of such laws before the trial takes place. The time within which indictments are to be found and filed, in cases of misdemeanor, is two years after the commission of the offence. Code, §4665. It follows that if the special local option law of December 24th, 1884, (acts 1884–5, p. 523,) for Habersham county, went into effect on the 5th of August, 1885, it was not too late to prosecute at March term, 1887, for a misdemeanor committed whilst the general law of the State touching the sale of spirituous liquors was in force in that county. The indictment in the present case was found and filed at March term, 1887, and although it alleged the commission of the various offences on the first of February, 1887, yet it was allowable for the State to prove their commission at any time within two years preceding the finding of the indictment.

2. It follows again that the indictment was good if it was adapted to the general law, but that the State would have to prove that the alleged acts, or some of them alleged in the various counts, were done whilst the general law was of force in Habersham county, and within two years preceding the finding of the indictment.

That the indictment was adapted to the general law, and not to the special local option act for Habersham county, is obvious. The first and fourth counts were framed under section 4565 of the code, as altered and amended by the act of September 27th, 1883, (acts of 1882–3, p. 62,) and the second and third counts under sections 809b to 809g of the code. It is perfectly plain that the grand jury who found the bill, the whole bill, to be true, and that the acts done were " contrary to the laws of said State," must have meant that the general law had been violated, and not the special local option act for Habersham county. The latter declares that, after certain preliminaries, " it then shall be unlawful to sell or cause to be sold, in any quantity whatever, any spirituous, malt or intoxicating liquor, or any mixture of such liquor, in the county of Habersham, and any person directly or indirectly violating the provis-

ions of this act shall be deemed guilty of a misdemeanor, and upon conviction," etc.   Under this local act, an indict-ment for selling without license and taking the oath pre-scribed in the code, in quantities less than a gallon, or for selling without registering, or for failing and refusing to pay the tax after registering, or for selling at retail with-out taking the oath prescribed and paying the license fee, would be simply nonsense.   We cannot suppose that the grand jury, or the State's skilled and trusted officer, the solicitor-general, meant to charge four misdemeanors against which the general law provides under a local act which provides for the punishment of only one misde-meanor, to-wit, the offence of selling at all.   It surely could not have been the purpose of these public function-aries to impute to the accused merely fanciful or imagi-nary crimes.   The grand jury could not have intended upon their oaths to have charged that the accused violated the special local option law for Habersham county by failing to register as a liquor dealer, or after registering as such by failing or refusing to pay the tax as a dealer. The special local option law for Habersham county con-tains no provisions on these subjects.   The grand jury, as they returned the whole bill true, must have found that, according to the evidence before them, the accused com-mitted the offence of failing to register, and the further offence of failing or refusing to pay the tax after register-ing; and as these acts were not offences under the local law, the grand jury must have found the indictment as a whole under the general law.   And had the evidence shown that the imputed acts were done whilst the general law was in force, although the indictment was found and the trial had after its repeal, the accused might have been convicted.

3.   But the evidence showed that the sale was made in the spring of 1887, which was after the general law ceased to be operative in Habersham county, and thus it did not support the indictment.   Moreover, the evidence was insuf-

ficient in not showing that the sale took place before the indictment was found. The law fixes the spring term of Habersham superior court to commence on the first Monday in March, and allowing the court to hold two weeks (Rabun court is held on the third Monday in March), the indictment must have been found before half of the spring of 1887 was exhausted. It is thus entirely consistent with the evidence that the act of sale testified to might have occurred after the indictment was found.

Our conclusion is, that the court was right in overruling the demurrer and in not arresting the judgment, but erred in not granting a new trial, the evidence not showing that the sale was made whilst the general law was of force in Habersham county, or even before the finding of the bill of indictment, and the indictment being obviously framed under the general law, and not under the local option law for that county.

Judgment reversed.