BROWN *v.* THE STATE.   CHAMBERS *v.* THE STATE.

1. The local act approved August 9, 1881 (Acts 1880–1, p. 591), prohibits the sale of any spirituous, malt, or intoxicating liquors in any quantity whatever within the limits of the 714th district G. M., Carroll county, Georgia.   This act, relatively to one passed in 1875, is still in force, and operates to suspend the general law of the State on the subject of selling liquors without a license, in so far as the district named is concerned.
2. One can not be legally convicted of selling intoxicating liquors in the district above named, under an indictment charging him with selling such liquors without license in the county of Carroll under the general law of the State as embodied in sections 431 and 433 of the Penal Code.

Argued May 2, — Decided May 25, 1898.

Indictment for selling liquor without license.    Before Judge Candler.    Carroll superior court.    October term, 1897.

*W. F. Brown*, for plaintiffs in error.

*T. A. Atkinson, solicitor-general*, and *W. C. Wright*, contra.

LEWIS, J.    The plaintiffs in error were indicted for selling whisky and other spirituous liquors without a license in the

county of Carroll, the charge against them being, in substance, that on October 1, 1896, in Carroll county, they unlawfully and without license from the authorities invested by law with power to issue licenses in that county, did sell whisky and other spirituous liquors in a place not in a town or city where by law authority to grant such license is vested in the incorporate authorities of such town or city. To this indictment they demurred upon the following grounds: 1st. The general law as contained in sections 431 and 433 of the Penal Code was repealed by the local law for Carroll county, passed on February 26, 1875, and ratified by a vote of qualified voters of that county on December 10, 1884, and which by proclamation of the Governor went into effect on February 28, 1885; and therefore the indictment does not charge the violation of any law. 2d. The offense, if committed, was committed within the limits of the 714th district G. M., and the general law aforesaid as to selling without license is repealed in that district by a local act therefor passed in the General Assembly on August 9, 1881. 3d. It is not charged that the sale was in quantities greater than one gallon. 4th. There is no law of force in Carroll county under which the defendant can be punished for the offense alleged in the indictment. This demurrer was overruled ; and on the trial it appeared from the testimony that the defendants had been unlawfully engaged in the sale of spirituous liquors in the 714th district G. M., and within the incorporate limits of Carrollton, in the county of Carroll. The court charged the jury as follows: "If the defendant sold any of the kinds of spirituous liquors mentioned in this special presentment, without a license from the proper authorities to issue license, within two years prior to the finding of the same by the grand jury, and such sale was within the limits of Carroll county, and you believe these facts to be true beyond a reasonable doubt, then you should find the defendant guilty." The jury returned a verdict of guilty against each defendant; whereupon they made motions for a new trial, on the grounds, among others, that the verdict was contrary to law and evidence, and that the court erred in charging the jury as above set forth. The motions were overruled, and defend-

ants excepted, assigning error both on the judgment overruling the demurrer, and overruling their motions for a new trial.

1.  Under the act of the General Assembly approved February 26, 1875 (Acts 1875, p. 338), it is provided that an election may be held in the several counties therein named, including the county of Carroll, upon the subject of restricting the sale of liquors within their respective limits; and should such election go for restriction, after due proclamation of the result, it shall be unlawful for any person to sell any spirituous, vinous, or malt liquors within the limits named in such proclamation, in any quantity less than one gallon.   It was further provided in the act, that nothing therein contained should be construed to prevent the sale of wine for sacramental purposes, or of spirituous, vinous, or malt liquors as medicine, on the prescription of a physician in regular practice.   By a vote of the people of Carroll county this act did not go into effect in that county until February 28, 1885.   Prior to this date, by an act approved August 9, 1881 (Acts of 1880–81, p. 591), it was made unlawful for any person or firm to sell or furnish in any quantity, either at retail or wholesale, directly or indirectly, any spirituous, malt, or other intoxicating liquors or bitters within the limits of the 714th district G. M. of Carroll county, Georgia. This district embraced the town of Carrollton.   The only limitation placed by the act upon the total prohibition of the sale of intoxicating liquors in that district was, that the provisions of the act should not apply to any licensed physician in the regular practice of his profession, who may use liquors in making up his prescriptions, or compounding his medicines in cases of actual sickness.   The punishment prescribed by the act for its violation is a fine of not less than $50.00 nor more than $300.00, and on failure to pay the fine, imprisonment of the person offending in the common jail of the county, or service in the county chain-gang on public works, for a term not less than three nor more than twelve months.   Before the local act of 1875 above cited became operative, this act of 1881 for the 714th district was of full force and effect in that district.   The adoption by the people of Carroll county of the provisions in the act of 1875 could not have operated to repeal the act of

1881, inasmuch as there is no provision either in the act of 1875 or the act of 1881 that would authorize such a construction. The legislature having, subsequently to the passage of the act of 1875, prohibited by local act the sale of liquors in a certain district in Carroll county, the effect of this legislation was to repeal the act of 1875 in so far as that district was concerned. Indeed, it seems to be conceded in the argument of counsel for the State that the act of 1881 is still of force in the district where the sales of liquor in these cases were had. It was further conceded in the argument for the defendant in error, that the indictments in these cases were for violations of the general provisions of the State law against the sale of liquors without license, as embodied in sections 431 and 433 of the Penal Code. The phraseology of the indictments can lead to no other conclusion.

A violation of the State law against the sale of spirituous liquors without license is quite a different offense from that made punishable under the local act of 1881. In the one case it is made penal to sell without license; in the other it is made an offense to sell at all in any quantity whatever. The punishment for the two offenses is entirely different. Under the general law, the punishment for the sale without license is a fine or imprisonment in jail, or work on the chain-gang, one or more, in the discretion of the court, limited only as to the maximum of the fine or imprisonment imposed; whereas under the local act of 1881, the fine could not be less than fifty nor more than three hundred dollars, and the person convicted has the privilege of paying what fine might be imposed within these limits before punishment by imprisonment could be inflicted. Manifestly it was not the intention of the legislature to provide that if a person should engage in the sale of liquors in Carrollton, he could be prosecuted and punished for two offenses, one against the general law of the State, and the other against the local prohibitory law for the town district. Yet such would be the logical result if the position taken in behalf of the State in these cases be correct. The effect of the act of 1881 was not only to repeal the act of 1875, but also to suspend the general law of the State upon the subject of the sale of

liquors in so far as the 714th district G. M. of Carroll county is concerned. In the case of Cason v. State, 37 Fla. 331, it was decided that where there had been an election under the local option article of the constitution of that State, and legislation in pursuance thereof, with the result adverse to the sale of intoxicating liquors, etc., in any county or district in the State during the period of the operation of the result of such election, all statutes authorizing or licensing the sale of such liquors were suspended. In that case the indictment charged the accused with carrying on the business of a liquor-dealer in a certain county without obtaining a State license therefor. It was held by the court that a special plea in abatement to the indictment, setting up in effect the suspension of the general law by the local option measure which had gone into effect in that county, was a good defense, and should not have been stricken on demurrer. To the same effect, see Stringer v. State, 32 Fla. 238; Butler v. State, 25 Fla. 347; State of Maryland v. Yewell, 63 Md. 120. We do not think, however, that this is an open question before this court; for the principles herein enunciated were in effect held to be the law in the case of *Patton* v. *State*, 80 *Ga.* 714. There the accused was indicted under the general law of the State for selling liquors without conforming to its provisions, and it was held that inasmuch as it appeared from the evidence that the criminal acts occurred at a time when Habersham county was under the operation of a special local option law prohibiting the sale of liquors in that county, the conviction of the accused was contrary to evidence.

2. It would seem that Carroll county, outside of the 714th district, is under the operation of two penal statutes on the subject of the liquor traffic. Under the local act of 1875, it is unlawful to engage in such a traffic by selling liquors in quantities of less than a gallon. Selling in quantities of a gallon or more, however, is not a violation of that act, but would be a violation of the general State law, unless license was procured from the proper authorities to carry on the business of selling in such quantities. We are not, therefore, prepared to say that an indictment which simply charges the accused with selling liquor in Carroll county without license is demurrable; but it

would have been better pleading to have specified in the indictment, if the prosecution was intended under the general law, that liquors were sold in quantities of a gallon or more. The phraseology of the indictment should be such as clearly to indicate what particular statute the accused is charged with having violated, and should show such acts as amount to a violation of the statute. The second ground in the demurrer is a matter of pleading and proof, and can not be set up by way of demurrer. The evidence showing that the sale took place in the 714th district, a conviction could not have been legally had under the indictments framed in these cases; and we therefore reverse the judgment of the court below in refusing to grant a new trial. *Judgment reversed. All the Justices concurring.*