## COLLINS v. THE STATE.

The law requiring liquor-dealers to register and pay tax, and imposing a penalty for a failure so to do, has no application to one who illegally sells liquor in a county where such sale is totally prohibited by local law for that county.

Argued October 21, — Decided November 6, 1901.

Indictment for misdemeanor. Before Judge Reagan. Monroe superior court. August term, 1901.

*Persons & Persons, J. L. Willis, R. L. Berner,* and *T. B. Cabaniss,* for plaintiff in error.

*O. H. B. Bloodworth, solicitor-general,* contra.

LEWIS, J. By an act approved December 5, 1882 (Acts 1882–3, p. 548), which was subsequently ratified by popular election, the sale of alcoholic, spirituous, and malt liquors and intoxicating bitters was totally prohibited in the county of Monroe, with the proviso that nothing in the act should prevent practicing physicians from furnishing liquors themselves as medicine to their patients under treatment by them, nor prevent any person from selling domestic wine made by himself in the county. The validity of this act was upheld by this court in the case of *Bell* v. *State,* 91 *Ga.* 227. The plaintiff in error in the present case was arraigned in the superior court of Monroe county, upon an indictment charging him with (1) selling and retailing a quantity of whisky and intoxi-

cating liquor without obtaining a license from the proper authorities of the county authorized to issue the same; (2) selling spirituous liquors by retail without first obtaining a license therefor; and (3) being a dealer in spirituous liquors and failing to register as such with the ordinary of said county, and failing to pay the tax required by law of such dealers. He demurred to the indictment, and the court passed an order sustaining the demurrer and quashing the indictment, "save as to that count in the same which charges the defendant with being a dealer in spirituous liquors, did fail to register as such dealer with the ordinary of said county (Monroe) and to pay the tax required by law." As to that count the demurrer was overruled, and the defendant excepted. He also went to trial, and defended upon the ground that the sales of liquor charged against him were made in his capacity of practicing physician furnishing liquor as medicine to his patients. Under the view that we take of the case, however, it is unnecessary to consider the evidence or to determine whether the verdict of guilty was supported thereby.

The decision of this case rests upon the question whether or not the general law of this State imposing a tax upon liquor-dealers and requiring such liquor-dealers to register before paying tax applies to counties where, by special legislative enactment, the sale of liquor is entirely prohibited. A case directly in point is *Patton* v. *State*, 80 *Ga.* 714. There the defendant was indicted by the grand jury of Habersham county for selling, without license and taking the oath prescribed in the code, spirituous liquors in quantities less than a gallon; also for selling without registering as a dealer; also, after having registered, for failing and refusing to pay the tax required of such dealers, etc. The question arose as to whether this indictment was adapted to the general law of the State or to a local law for Habersham county which went into effect about the time that the alleged illegal sales were made. This local act for Habersham county was similar in its provisions to the local act for Monroe county which we now have under consideration, and entirely prohibited the sale of liquor in any quantity in that county. In the opinion of Chief Justice Bleckley, on page 718, appears the following language : " Under this local act, an indictment for selling without license and taking the oath prescribed in the code, in quantities less than a gallon, or for selling without registering, or for

failing and refusing to pay the tax after registering, or for selling at retail without taking the oath prescribed and paying the license fee, would be simply nonsense. We can not suppose that the grand jury, or the State's skilled and trusted officer, the solicitor-general, meant to charge four misdemeanors against which the general law provides, under a local act which provides for the punishment of only one misdemeanor, to wit, the offense of selling at all." See also *Brown* v. *State*, 104 *Ga.* 525. A request was made by the solicitor-general that these cases be overruled, but we see no reason for granting this request. Their reasoning, indeed, seems to us irresistible. The law making it penal to sell liquor without first registering with the ordinary, or, after registering, failing to pay tax as required by the statute, evidently contemplated only those liquor-dealers who were authorized by law to engage in that business. Without going into the question of the power of the State to impose a tax upon a traffic which is already prohibited by law, it is certainly not to be assumed that in an act taxing generally various classes of legitimate business the legislature intended to extend its provisions, relative to one class of business which is legal in some portions of the State and illegal in others, to those portions of the State where the business is entirely prohibited by law. As a matter of intention, rather than of power, we do not think it reasonable to suppose that the lawmakers intended to make out of the same act two offenses, one that of selling liquor at all, and the other that of selling without first registering and paying tax. We conclude, therefore, that the court below erred in not sustaining the demurrer to the indictment as a whole. Under the record which is before us, the plaintiff in error is either guilty of a violation of the local law for Monroe county, or he is not guilty of any offense at all. See, in this connection, *Redding* v. *State*, 91 *Ga.* 232.

*Judgment reversed. All the Justices concurring.*