## BATTY v. THE STATE.

One can not be legally convicted of selling spirituous liquors without a license, in violation of the Penal Code, § 431, in a county in which the sale of such liquors is prohibited altogether under the terms of the general local option liquor law, embodied in the Political Code, § 1541 et seq., the provisions of which have been adopted and are of force in that county.

Argued October 22, — Decided November 6, 1901.

| 114 | 79 |
|-----|-----|
| 114 | 81 |
| 114 | 79 |
| 117 | 430 |
| 114 | 79 |
| d118 | 40 |
| d118 | 333 |
| 114 | 79 |
| 123 | 543 |
| 114 | 79 |
| 125 | 784 |

Accusation of selling liquors without license.  Before Judge Hammond.  City court of Griffin.  September term, 1901.

*William H. Beck*, for plaintiff in error.
*O. H. P. Slaton, solicitor*, and *F. D. Dismuke*, contra.

COBB, J.  The accused was placed upon trial in the city court of Griffin, upon an accusation charging that he did, on the first day of March, 1901, sell by retail spirituous liquors to a named person and to other persons to the accuser unknown, without first having obtained a license from the proper authorities of the county, and without having taken the oath prescribed by law.  It appeared from the evidence that the accused had sold a quart of whisky to the person named in the accusation, in October or November, 1900, and that he had sold a quart of whisky to another person some time in the fall of that year.  There was no evidence of any other sales by the accused.  There was a verdict of guilty, and the case is here upon a bill of exceptions assigning error upon the refusal of the judge to grant a new trial.

On March 1, 1901, the county authorities of Spalding county were authorized to grant licenses to persons to sell spirituous liquors by retail.  It is manifest from the terms of the accusation that it was the intention of the pleader to charge the accused with a violation of the general law of the State which prohibits the sale of liquors by retail without license from the proper authorities of the county; the offense charged being clearly a violation of the Penal Code, § 431.  At the time that the sales shown by the evidence took place, that is, in the fall of 1900, the sale of liquors by retail was prohibited altogether in Spalding county under the terms of the general local option liquor law of the State, the provisions of which were of force in Spalding county, and continued of force in that county until January 21, 1901.  The accusation was a good

accusation upon its face,and proof of a sale without a license at any time between the date that the general local option law became inoperative and the date of the filing of the accusation would have authorized a conviction. But so long as the sale of spirituous liquors was prohibited altogether under the operation of the general local option law there could be no conviction for the offense of selling liquor without a license, there being no authority during such time for liquor to be sold by license or otherwise within the limits of the county. *Patton* v. *State,* 80 *Ga.* 714; *Brown* v. *State,* 104 *Ga.* 525.. It is argued by the solicitor of the city court that the conviction should be sustained for the reason that as the accusation charged a sale of liquor, and as a sale of liquor was a violation of the general local option law, the accusation was sufficient under such law, if all the allegations in the accusation referring to the subject of license and oath be treated as mere surplusage. The date of the sale alleged in the accusation and the language of the charge therein embraced make it so manifest that it was the intention of the pleader to charge the accused with a violation of a general law of the State in reference to the sale of liquors without license, that it is impossible, under any rule of law of which we are aware, to treat as mere surplusage and eliminate from the accusation all allegations therein contained except those referring to the sale itself. The offenses charged in the two laws are entirely different. The general law under which the accusation was evidently framed presupposes the right to sell liquor after compliance with certain prescribed terms; whereas, when the sale has been prohibited under the terms of the general local option law, no sale of whisky, either by license or otherwise, is permitted. Consequently, an indictment or accusation framed under one law can not be construed to embrace the provisions of the other. As at the date of the sale as shown by the evidence it was not legally possible for the accused to have been guilty of the offense of retailing spirituous liquor without license, the verdict finding him guilty of this offense was unauthorized, and the court erred in not granting a new trial. *Judgment reversed. All the Justices concurring.*