## BLAKE v. THE STATE.

There may exist at the same time, applicable to the same locality, two laws, one general and the other local, prohibiting the sale of intoxicating liquors, and one making the sale may be indicted and punished under either law. It follows that the existence of a local law prohibiting the sale of liquor in a given place would not prevent a general law subsequently enacted, prohibiting the sale over the whole State within three miles of any church, from being operative in that locality ; and one guilty of the latter act may be indicted and punished under the general law.

Argued July 23, — Decided August 11, 1903.

Indictment for selling liquor.    Before Judge Parker.    Glynn superior court.    July 8, 1903.

*Max Isaac* and *Z. D. Harrison*, for plaintiff in error.
*John W. Bennett, solicitor-general,* and *J. T. Colson,* contra.

Совв, J.    The act of February 26, 1877, prohibited the sale of intoxicating liquors on St. Simons Island, under penalty of a fine of not less than one hundred nor more than five hundred dollars, or imprisonment from two to twelve months.    See Acts 1877, p. 335.    The plaintiff in error was tried and convicted for selling liquor on St. Simons Island, under the provisions of the Penal Code, § 434, codified from the act of 1891 (see Acts 1890 – 91, p. 132, vol. 1), making penal the sale within three miles of a church.    The question presented is, did the general law contained in the code become operative on St. Simons Island, there being at the time of its enactment a local law prohibiting the sale on that island ?    The plaintiff in error contends that it did not, and bases his contention upon the decisions in *Patton* v. *State,* 80 *Ga.* 714, *Brown* v. *State,* 104 *Ga.* 525, *Collins* v. *State,* 114 *Ga.* 70, *Batty* v. *State,* 114 *Ga.* 79, and similar decisions, holding that when a law is enacted prohibiting the sale of intoxicating liquors in a given locality, the operation of general laws regulating the sale, that is, allowing it upon specified conditions, is suspended while the prohibitory law is in force.    A similar contention was made by the plaintiff in error in the recent case of *Barker* v. *State,* 118 *Ga.* 35, and it was there held that two prohibitory laws, one local and the other general, could be operative at the same time in the same locality, and that the principle of the decisions above cited did not apply in such a case.    It is said, though, that the general law dealt with in the *Barker* case expressly provided that it should be applicable in

counties where the sale was prohibited by some other law, and that for this reason the ruling made in that case was broader than the facts required, and is not binding in so far as it applies to such a general law as the one involved in the present case. This criticism of that decision may be justified by the facts, but we have no hesitation in extending the rule to a law like the one now under consideration, or in adopting as sound what was said in the *Barker* case. It is clear that the decisions relied on by the plaintiff in error are not applicable, and we can perceive no good reason why the mere existence of a local law prohibiting the sale of liquor in a given place would prevent a general law likewise prohibiting the sale and applicable to the whole State from applying to that locality. The question as to whether the three-mile law creates an offense so different from that made punishable by the local law for St. Simons Island as that one guilty of the sale within three miles of a church on that island could be indicted and punished under both laws is not raised by the record, and consequently we decide nothing with reference to this. But we hold that any person selling liquor within three miles of a church on St. Simons Island may be arraigned and punished either under the general law contained in the Penal Code, § 434, or under the local law for that island. In this particular case the fact that the two laws prescribe different punishments would seem to indicate that the two might exist in the same locality at the same time. We are clear, however, that they would do so even though the punishment were the same in each. There was no error in rendering judgment, on the agreed statement of facts, finding the accused guilty of the offense with which he was charged. *Judgment affirmed. By five Justices.*