### 157.  HAMMOCK *v.* THE STATE.

1. No question as to the construction of a provision of the constitution is necessary to the determination of this case.
2. When by an unlawful search and seizure, under an illegal arrest, a person is compelled by an officer of the law to furnish incriminating evidence against himself, such evidence is not admissible against him in a criminal prosecution.

Accusation of carrying concealed weapon, from city court of Macon—Judge Hodges.  December 15, 1906.

Argued January 28,—Decided February 4, 1907.

*Charles H. Hall Jr.,* for plaintiff in error.

*William Brunson, solicitor-general,* contra.

POWELL, J.  The defendant was tried and convicted upon an accusation charging him with the offense of carrying a concealed pistol. The only testimony offered in the case was that of the prosecutor, as follows: "I am a deputy sheriff of this county. Upon information I arrested the defendant.  I had no warrant for him.  After I arrested him I searched him and found a pistol in his right hip-pocket.  The pistol was concealed.  The defendant was doing nothing at the time I arrested him.  I took the pistol from his pocket myself.  I had not seen the defendant commit any crime.  The defendant wore a coat which covered pocket in which pistol was found.  I arrested him in Dan O'Connell's bar, in Bibb county, Macon, Ga.  This was on September 8, 1906." To the introduction of this evidence the defendant objected on the following grounds: "Because the evidence of the said witness, Jones, was acquired by the unlawful and illegal arrest of the defendant by the witness Jones, such unlawful and illegal arrest of the defendant being forcible, being without the consent, and against the will of defendant; that by means of such unlawful and illegal arrest of defendant, he, the defendant, was by said witness, Jones, compelled to furnish the incriminating evidence against him-

self in violation of the constitution and laws of this State, which provide that no person shall be compelled to give testimony tending in any manner to criminate himself." The court overruled the objection, and the defendant brings up the ruling for review.

1. In his argument in this court defendant's counsel asked us to certify to the Supreme Court the question made by him as to the admissibility of the testimony complained of. Since the ruling made by this court in the case of *Fews* v. *State* (ante, 122) seems to cover this point, we deem further discussion of it unnecessary.

2. Under the constitution, persons are protected against unlawful searches and seizures, and also against being compelled to give testimony tending in any manner to incriminate themselves. A violation of the former right does not necessarily render evidence, incidentally disclosed thereby, inadmissible; a violation of the latter right does. When the act in question is a concurrent violation of both rights, the person is none the less to be protected. By an application of this test, the decisions by the Supreme Court in the cases of *Franklin* v. *State*, 69 *Ga.* 36 (3); *Woolfolk* v. *State*, 81 *Ga.* 562 (6); *Williams* v. *State*, 100 *Ga.* 511; *Dozier* v. *State*, 107 *Ga.* 708; *Springer* v. *State*, 121 *Ga.* 155; *Duren* v. *City*, 125 *Ga.* 1, may be distinguished from and reconciled with the decisions in the cases of *Day* v. *State*, 63 *Ga.* 667; *Blackwell* v. *State*, 67 *Ga.* 76; *Rusher* v. *State*, 94 *Ga.* 363; *Evans* v. *State*, 106 *Ga.* 519. These decisions are not in absolute harmony, if we regard all that is said by way of argument and obiter, but are not irreconcilable when only the points actually decided are considered. If we were untrammeled by some of these decisions, our own views of the sacred character of these constitutional rights of the private citizen might induce us to extend the rule further than we do. After giving recognition to the limitations imposed by the precedents, we hold, that when a person is subjected to an illegal arrest accompanied by an unlawful search of his person, whereby he is involuntarily compelled to disclose evidence of a crime, which in the absence of his volition being destroyed he would not otherwise have disclosed, the evidence so obtained shall not be received against him on a prosecution for the crime. Nothing in this ruling conflicts with the decisions cited above. In *Franklin* v. *State*, *Dozier* v. *State*, and *Springer* v. *State*, the evidence was disclosed by a lawful search pending lawful arrest. In *Duren* v. *State*, no arrest was made and

no evidence was obtained from the accused nor from what was on his person. In *Williams* v. *State* the objection was not made to the testimony on the ground that the defendant had been compelled to furnish testimony tending to incriminate herself, but merely on the ground that the search and seizure, by which the testimony was disclosed, was unlawful; and the decision of the court was upon this point alone.

That the evidence offered in this case was obtained by an officer of the law as a result of an unwarranted act of violence committed by such officer upon the person of the accused, who was not under lawful arrest, is too plain to admit of question. The crime committed by the officer was far more serious than that committed by the accused. The law recognizes no offset of crimes in such cases, but it does recognize that there is a public policy which would rather see the guilty go unpunished than have the guilt of the accused established by violently and unlawfully compelling him to furnish evidence against himself. To say, in a case such as this, that the officer furnishes the testimony, and that the defendant therefore has not been compelled to give evidence tending to incriminate himself, can be justified only by skimming the surface and neglecting to consider the penetralia of the transaction. Boyd *v.* United States, 116 U. S. 616. Although the remarks of Chief Justice Bleckley in *Rusher* v. *State* may have been obiter, they are too good to be untrue. He says (94 *Ga.* 366) : "The law ought to hold out no encouragement to violent and lawless men to commit crime for the sake of detecting a previous crime and bringing the offender to punishment. The law should never suffer itself to become an enemy or antagonist to its own reign. The multiplication of crimes as a remedy for crime would be a very absurd and disastrous public policy, and we think courts should not lend themselves to the advancement of any such policy, unless they are compelled to do so by statute or some authority equally obligatory." The statement in the first headnote in that case, "The well established rule that independent facts discovered in consequence of a constrained confession made by a prisoner are admissible in evidence against him is of force in this State, unless it appears that criminal violence was used in procuring the confession or making the discovery," coincides very closely with what we are here ruling.

*Judgment reversed.*