## 965.	DAVIS *v.* THE STATE.

1. The defendant's consent to be searched for $10 did not include the disclosure of a pistol which he was attempting to keep concealed and which was discovered by force; and consequently, reference to the pistol was inadmissible in evidence against the defendant, who had not been legally arrested.

2. Evidence of guilt, which a defendant, either directly or indirectly, is compelled to disclose, is not admissible in a criminal prosecution against him. *Hughes* v. *State*, 2 *Ga. App.* 29 (58 S. E. 390).

3. Inasmuch as the evidence in behalf of the State, though illegally obtained, was not objected to at the trial, the verdict of guilty was authorized, and it was not error to refuse a new trial.

Russell, J., dissenting. The only testimony offered to support the conviction of the defendant being illegally obtained and inadmissible, a new trial should have been granted, even though on the trial before the judge without the intervention of a jury no formal objection to the evidence was interposed. "Testimony which is incompetent and inadmissible because the law stamps it as wholly unworthy of consideration can not, because it may not have been challenged on the trial of a case, be treated by a reviewing court as having any probative force or value whatever."

Accusation of carrying concealed weapon, from city court of Dawson—Judge Edwards. December 16, 1907.

Submitted February 25,—Decided May 7, 1908.

*W. H. Gurr, L. C. Hoyl,* for plaintiff in error.

*M. J. Yeomans, solicitor,* contra.

Russell, J. The prosecutor, Williams, had advanced the defendant $10 on a contract to work for him. He learned that the defendant was at work at another place, and demanded of him the return of the $10. The defendant claimed that he did not have the money, and some words passed between them. One George Spann, who had also gone after the defendant and was trying to take him from Mr. Lowry's place where he was at work, at the same time claiming that the defendant had signed up a contract with him, told the defendant that he would have to go with him and work out his contract with him, and the defendant had started to go with him, at the time Williams came up. The defendant (being, so far as appears from the evidence, alone with these two conflicting parties, each of whom claimed that he was under contract with him, and Williams insisting upon the return of his money because Spann was about to carry him away) consented to be

searched for the money, claiming that he did not have it.　Under these circumstances, he did not resist the search of any of his pockets, but attempted to conceal something between his pants and a pair of overalls which he was wearing.　He would not take his hand out from under his overalls, and Williams ran his hand in there after it, but the defendant held his hand in there and would not pull it out.　So Williams caught hold of his hand and jerked it out, when the witnesses saw that what the defendant had concealed (and which up to that time had not been disclosed) was a pistol.　This was all the evidence upon the trial, and the defendant, unlike the defendant in *Dozier* v. *State,* 107 *Ga.* 708 (33 S. E. 418), made no statement.

If it plainly appeared that the defendant unreservedly consented to a search of his person, and the presence of the concealed pistol had been disclosed by him voluntarily, the judgment of the court finding him guilty would, of course, be the only judgment that could legally have been rendered.　But it is perfectly plain, from the evidence in the record, that he was, to a certain extent, coerced by his surroundings into his agreement to be searched for the money.　His consent, however, extended no further than this. This consent to be searched he had a right to withdraw; and it is undisputed, in the State's own testimony, that so far as concerned the *contents of his hand* (which he had between his pants and his overalls, and which it was afterwards found contained the pistol), he did withdraw that consent.　According to the testimony, he used every means in his power to keep concealed the hand containing the pistol, and it was only by the use of force and the jerking of his hand out that the evidence of his guilt of carrying a pistol concealed was made manifest.　It can not be said that the presence of the pistol was voluntarily disclosed.　The case, therefore, clearly comes under the rule which has heretofore several times been announced by this court and which is stated in the second headnote.　The defendant could not be compelled to convict himself. We are all agreed, therefore, that the only evidence upon which the conviction of the defendant rests was illegal and inadmissible, and that if a timely objection to it had been offered, or if a motion had been made to rule it out, the evidence of the defendant's possession of a concealed pistol on the occasion mentioned in the testimony should have been excluded.　This is settled by the rul-

ings of this court in *Hammock* v. *State,* 1 *Ga. App.* 126 (58 S. E. 66), *Hughes* v. *State,* 2 *Ga. App.* 29 (58 S. E. 390), and in other cases.

The question then turns upon the effect to be given to the fact that no objection to this alleged evidence was offered at the trial. The majority of the court is of the opinion that the defendant's failure to object amounted to a waiver of its inadmissibility, and that, being thus admitted by the consent of the defendant himself, it is competent to authorize the conviction. For this reason (as there can be no doubt of the sufficiency of the evidence adduced on the part of the State if its probative value is conceded) the judgment of the judge of the city court must be affirmed. For myself, I am unable to concur in the judgment of affirmance. As there is not a particle of legal evidence to support the conviction, it is, in my opinion, unwarranted, and should be set aside, regardless of the fact that the defendant's counsel did not formally object or move to rule it out.

It may be that the fact that the trial was had before the judge without a jury was the reason why no objection was offered to the testimony. The defendant's counsel may have presumed that as it is the judge who must weigh the objection and give direction to the jury with reference thereto, he would, when trying the case without a jury, sift for himself the legal testimony from the illegal. Be this as it may, it is as much the duty of counsel to object, when a case is being tried before the judge as court and jury, as it would be if a jury were trying the case. But in the opinion of the writer it was unnecessary for the defendant to object to the testimony, because, being absolutely illegal, it possessed no probative value, and, in the absence of any legal testimony, could not support a conviction. The fact that no objection to the testimony was made at the trial is immaterial here, because the State introduced no other evidence than this, which possessed no probative value. I think our decision should be controlled by the ruling in *Eastlick* v. *So. Ry. Co.,* 116 *Ga.* 50 (42 S. E. 499). The only testimony offered to support the conviction of the defendant being illegally obtained and inadmissible, a new trial should have been granted, even though on the trial before the judge without the intervention of a jury no formal objection to the evidence was interposed. "Testimony which is incompetent and inadmissible be-

cause the law stamps it as wholly unworthy of consideration can not, because it may not have been challenged on the trial of a case, be treated by a reviewing court as having any probative force or value whatever." In that case the ruling was based on the fact that hearsay evidence, even though not objected to, will not support a verdict; and this because hearsay evidence has no probative value. Certainly incriminating testimony forced from a defendant against his will (which this court has declared to be so absolutely obnoxious as that it should be excluded if objection thereto is made, because such testimony is outlawed by the constitution and the enlightened policy of this State) should be insufficient to support a verdict, for a similar reason to that which excludes hearsay. Hearsay has no probative value (though it may be true), because the facts related depend upon the unsworn statement of one not before the court. Evidence extorted by force is the recital of acts or sayings not of the defendant himself, but of one who by force acts for him by compelling him to act or speak, not as he wishes, but as he who compels him by force determined he shall act or speak. This is plainly shown by the evidence for the State in the present case. The evidence is undisputed that the defendant was wholly unwilling to disclose that he had a pistol, and, though virtually a captive, resisted this disclosure to the utmost of his ability under the circumstances. The personal inviolability of the citizen is too sacred to make evidence extorted by force, even if not objected to, more than physical hearsay without probative value. In my view of the case, even if the consent to search for money included the widest latitude possible, it was subject to be withdrawn or limited; and the evidence shows that it was limited and withdrawn in this case. The only evidence of guilt being plainly extorted from the defendant by superior force, he should have been acquitted. Under the view of my colleagues, the defendant waived the incompetency of the evidence by failing to object thereto at the trial, and therefore the judgment is        *Affirmed. Russell, J., dissents.*