### 1176.  GLOVER *v.* THE STATE.

RUSSELL, J.  1. The general prohibition law of 1907 (Acts of 1907, p. 81) repeals all existing laws allowing the sale of intoxicating liquors in this State, the repeal taking effect from and after January 1, 1908. Consequently one who on January 7, 1908, may have sold intoxicating liquors can not be legally convicted under an accusation charging the statutory offense of retailing without a license, in a county in which prior to January 1, 1908, whisky and other intoxicating liquors might legally have been sold upon obtaining a license. *Patton* v. *State*, 80 *Ga.* 714 (6 S. E. 273) ; *Parker* v. *State*, 126 *Ga.* 443 (55 S. E. 329). Such conviction or acquittal (inasmuch as the offense of retailing without license and that of selling in violation of the prohibition law are distinct) would not operate as a bar to a future prosecution for a violation of the general prohibition law.

2. While evidence obtained by illegal seizure and search of a defendant's person which compels him to incriminate himself is inadmissible against him, this rule is applicable only to searches of a defendant's *person* after an unlawful seizure thereof. The distinction between the search of one's person, by which he is compelled to incriminate himself, and the search of one's property or premises, whereby incriminating testimony against a defendant is obtained by another, is pointed out in *Hughes* v. *State*, 2 *Ga. App.* 29 (58 S. E. 390).

3. Evidence of guilt, which a defendant, either directly or indirectly, is compelled to disclose, by an illegal seizure and search of his person under an unlawful arrest, is not admissible against him, but if his premises or belongings are searched by another, although without a vestige of authority, the evidence thus disclosed may be used against him. The criterion is, who furnished or produced the evidence? *Duren* v. *Thomasville*, 125 *Ga.* 1 (53 S. E. 814) ; *Dozier* v. *State*, 107 *Ga.* 710 (33 S. E. 418).                                        *Judgment reversed.*

Accusation of unlawful sale of liquor, from city court of Nashville—Judge Peeples.  May 4, 1908.

Submitted June 9,—Decided June 18, 1908.

*W. R. Smith*, for plaintiff in error.