1179. CROY *v.* THE STATE.

While evidence which a defendant has been compelled involuntarily to disclose, through the coercion of a search of his person by an officer pending an illegal arrest, is not admissible against him, it is no violation of this principle to receive testimony of witnesses that the defendant, intentionally or through accident or inadvertence, exposed to view a pistol previously concealed, while resisting an arrest, legal or illegal, or while such arrest and consequent detention were pending or in progress.

Accusation of carrying concealed weapon, from city court of Dalton—Judge Longley.   April 11, 1908.

Submitted June 9,—Decided June 18, 1908.

*George G. Glenn,* for plaintiff in error.

*Samuel P. Maddox, solicitor-general,* contra.

POWELL, J.   An officer was attempting to arrest certain kinsmen of the defendant.   It is claimed that under the circumstances this arrest was illegal; but in the light of what we are about to say, inquiry into this is wholly immaterial.   The defendant interfered, and the officer attempted to take him also.   He threw his hand back as if to draw a weapon, and disclosed a pistol in his pocket. A scuffle between him and the officer followed; and in this scuffle the pistol was again disclosed to view as the defendant fell upon the ground.   The officer thus seeing it took it from his pocket.   Upon the trial of the defendant for carrying the weapon concealed, the officer and another witness were allowed to testify to these facts, over the defendant's objection that he was thus compelled to incriminate himself.

This court is thoroughly committed to the proposition announced in *Hammock* v. *State,* 1 *Ga. App.* 126 (58 S. E. 66) ; *Sherman* v. *State, 2 Ga. App.* 29 (58 S. E. 390), and several other cases, that when by an unlawful search and seizure under an illegal arrest, a person is compelled by an officer to furnish incriminating evidence against himself, such evidence is not admissible against him in a criminal prosecution; but we have never held, nor do we see any lawful basis for holding, that evidence indicating a defendant's guilt is not admissible against him simply because he may happen to have been the victim of an unlawful arrest, unless the evidence was obtained against him solely through an involuntary disclosure on his part, immediately coerced by that arrest and the destruction

of his ability to keep to his own self and person the indicia of guilt which he otherwise would not have divulged or disclosed.

*Judgment affirmed.*