## 1192.  PUGHSLEY *v.* THE STATE.

This case is controlled by *Brown* v. *State*, 104 *Ga.* 525 (30 S. E. 837); *Glover* v. *State*, ante, 455 (61 S. E. 862), and *Mason* v. *State*, 1 *Ga. App.* 534 (58 S. E. 139).

Accusation of unlawful sale of liquor, from city court of Swainsboro—Judge Mitchell.  April 20, 1908.

Argued June 9,—Decided July 8, 1908.

*Saffold & Larsen,* for plaintiff in error.

*Henry R. Daniel, solicitor,* contra.

POWELL, J.  The defendant was charged, under §431 of the Penal Code, with selling liquor without a license in Emanuel county.  The sale took place in Swainsboro on December 31, 1907. In 1876 an act was passed fixing a license fee for sales of spirituous liquors in that county at $1,000.  In 1877 (Acts 1877, p. 189) an act was passed making it unlawful to sell intoxicating liquors within three miles of the Masonic Academy in Swainsboro in that county.  In 1882 (Acts 1882, p. 601) the local license act of 1876 was amended so as to include other intoxicating liquors within its provisions.  In 1887 (Acts 1887, p. 849) this license act was again amended, so as to increase the fee to $10,000.  In 1900 (Acts 1900, p. 345) the city council of Swainsboro were given certain powers relating to intoxicating liquors.  In *Mason* v. *State,* 1 *Ga. App.* 534 (58 S. E. 139), we held (with much doubt, we confess) that this last-cited act effected no repeal of any portion of the act of 1877 prohibiting altogether the sales of intoxicating liquors within three miles of the Masonic Academy in Swainsboro. The act of 1877 withdrew from the operation of the local license law of 1876 all the territory within three miles of the Masonic Academy.  The subsequent amendments to the license law ex

pressed no intention of extending its territorial operation or of re-
pealing the act of 1877. The case therefore falls within the de-
cisions of the Supreme Court in *Brown* v. *State,* 104 *Ga.* 525 (30
S. E. 837), *Bailey* v. *State,* 114 *Ga.* 79 (39 S. E. 918), *Collins* v.
*State,* 114 *Ga.* 70 (39 S. E. 916), and *Patton* v. *State,* 80 *Ga.* 714
(6 S. E. 273), and of this court in *Glover* v. *State,* ante, 455 (61
S. E. 862), holding that one can not be properly indicted and con-
victed for selling without a license in territory in which the sale is
wholly prohibited.                              *Judgment reversed.*