## 1641.  DRAPER *v.* THE STATE.

1. Although, as held in *Glover* v. *State, 4 Ga. App.* 455 (61 S. E. 862), all laws allowing the sale of intoxicating liquors in this State, of force prior to January 1, 1908, were repealed by the passage of the prohibition law (Acts of 1907, p. 81), it is nevertheless legally possible to indict and convict for violation of any of the statutes repealed by the enactment of the general prohibition law, provided the offense is shown to have been committed prior to January 1, 1908.
2. Where an offense is charged under a statute regulating the sale of liquors which has been repealed, the accusation is demurrable if the offense is alleged as having been committed on a day subsequent to December 31, 1907. Likewise, the conviction of a defendant upon such an accusation would be unwarranted and contrary to law, if the only criminal acts shown by the evidence were done after the repeal of the law alleged to have been violated.
3. If, however, the allegation that the offense was committed after the law had in fact been repealed is not demurred to, and, upon the trial, evidence is introduced warranting a finding that the defendant committed the offense at a time prior to the repeal, the allegation as to the date becomes immaterial, and the conviction of the defendant is authorized. The allegation that the offense was committed on a day subsequent to the repeal of the law upon which the criminal accusation is based is, in effect, the allegation of an impossible date, and is demurrable; but the defect can not be reached by motion for new trial.

Accusation of unlawful sale of liquor, from city court of Statesboro—Judge Brannen. October 30, 1908.

Argued February 9,—Decided March 23, 1909.

*H. B. Strange, R. Lee Moore,* for plaintiff in error.

*Fred T. Lanier, solicitor,* contra.

RUSSELL, J. The plaintiff in error was tried upon an accusation in which it is alleged that on the 5th day of July, in the

year 1908, he "unlawfully, . . without license and without taking the oath prescribed by law, and without license from the proper authorities," either of the county or of any city, "did sell . . brandy, rum, gin, whisky, and spirituous and intoxicating liquor, and did sell by retail, for a valuable consideration, a certain quantity of wine, contrary to the laws of said State, the good order, peace, and dignity thereof." This accusation was filed at the August term, 1908, of the city court of Statesboro, and was tried at the October term of that court. The accusation is plainly one for retailing without license. All existing laws upon that subject were repealed in the passage of the prohibition bill of 1907 (Acts of 1907, p. 81), which became effective January 1, 1908. *Glover* v. *State,* 4 *Ga. App.* 455 (61 S. E. 862). Inasmuch as the accusation, upon its face, charged no offense against the laws of the State, it was subject to demurrer, and, if a demurrer had been interposed, the accusation should have been quashed. The defendant, however, did not demur. He went to trial, and, after his conviction, moved for a new trial upon the ground that the verdict finding him guilty is contrary to the evidence and contrary to the law. The trial judge overruled the motion for new trial, and exception is taken to his judgment.

Upon the trial, although there was evidence that the defendant sold some wine in 1908, several witnesses testified that they had bought wine from the defendant during the year 1907, and at various times during that year. The case is controlled by our ruling in *Newsome* v. *State,* 2 *Ga. App.* 392 (58 S. E. 672), and the trial judge did not err in overruling the defendant's motion for new trial. The defendant could not have been convicted for either of the sales alleged to have been made in 1908; because, as held in *Glover* v. *State,* supra, the passage of the general prohibition law, which, by its terms, became effective January 1, 1908, repealed all existing statutes regulating the sale of intoxicating liquors in this State. If the defendant had objected to the testimony regarding sales said to have been made by him in 1908, it would have been the duty of the trial court to repel this testimony; but there is no reason why one who may have violated any of the criminal statutes superseded and repealed by the general prohibition law may not still be legally indicted and convicted for the offense, provided the evidence demonstrates his guilt. Al-

though, as held in *Glover* v. *State,* supra, all laws allowing the
sale of intoxicating liquors in this State prior to January 1, 1908,
were repealed by the passage of the general prohibition law, it
is nevertheless legally possible to indict and convict for violations
of any of the statutes repealed by the enactment of the general
prohibition law, provided the offense is shown to have been com-
mitted prior to January 1, 1908. The present case is distin-
guished, upon its facts, from the *Glover* case, supra. In the *Glover*
case the undisputed evidence was that the sales were made Jan-
uary 7, 1908, after the penal statutes upon the subject of retail-
ing without license had been superseded by the general prohibition
law. If the only sales shown by the testimony in this case had
occurred subsequently to January 1, 1908, the defendant could
not legally have been convicted.

2. Where an offense is charged under a repealed statute reg-
ulating the sale of liquors, the accusation is demurrable if the
offense is alleged as having been committed on a day subsequent
to December 31, 1907. Likewise, the conviction of a defendant
upon such an accusation would be unwarranted and contrary to
law, if the only criminal acts shown by the evidence were done
after the repeal of the law which he was alleged to have violated.
*Glover* v. *State,* supra.

3. The case at bar is similar in principle, as well as in fact,
to that of *Newsome* v. *State,* supra, in which the accused was
convicted in May, 1907, upon an accusation charging him with
selling intoxicating liquors on October 29, 1907, but in which
the evidence showed that he had unlawfully sold intoxicating liq-
uors on October 29, 1906. We held that the indictment was
properly demurrable, but that the exception which might have
been urged to it came too late after the verdict. In that case
it was insisted that the accusation upon which the defendant was
tried charged the crime as having been committed on a day sub-
sequent to the filing of the accusation and the trial thereon, and
that for that reason the verdict and judgment were void. And
after reviewing a large number of the decisions of the Supreme
Court, we held that the day on which the offense is laid is imma-
terial, unless the defendant, before pleading to the merits, de-
murs thereto. "The defendant must demur before pleading, or
else he will be held to waive his right to have the essential ele-

ments of time and place stated with the certainty required by the code." There can be no doubt that the accusation in the present case would have been good if the date of the alleged sale had been stated to be July 8, 1907; and, in the absence of a demurrer raising the point, the accusation would have been good if no date had been stated at all. *Phillips* v. *State,* 86 *Ga.* 427 (12 S. E. 650); *Braddy* v. *State,* 102 *Ga.* 568 (27 S. E. 670). It was impossible for the offense of retailing without license to have been committed by this defendant on July 8, 1908, but the case is not any stronger when an impossible date is alleged than when no date is alleged. So that, in the absence of demurrer, the accusation presented a valid charge for the offense of retailing without license, and, upon the trial, several witnesses testified to having purchased wine from the defendant during the year 1907, which was within the statute of limitations and antedated the repeal of the law upon that subject by the general prohibition law. If, as in the *Glover* case, supra, the only sales shown to have been made by the defendant had taken place in 1908, the defendant should have been granted a new trial, because his conviction would have been contrary to law. As, however, the allegation that the offense was committed after the law had in fact been repealed was not demurred to, and evidence was introduced warranting a finding that the defendant committed the offense charged at a time prior to the repeal, the allegation as to the date became immaterial, and the conviction of the defendant was authorized. The allegation that an alleged offense was committed on a date subsequent to the repeal of the law upon which the criminal accusation was based was, in effect, the allegation of an impossible date, and was demurrable; but the defect could not be reached by motion for new trial. *Newsome* v. *State,* supra. An error in the charge of the court (for the judge charged broadly that if the jury believed that the defendant sold, as alleged in the indictment, at any time within two years, the jury would be authorized to convict) would perhaps have required the grant of a new trial; but no exception is taken thereto; and, of course, error in not excluding from the jury, as a basis of conviction, sales which it was testified the defendant had made since January 1, 1908, is not reached by the general assignment that the verdict is contrary to law.

*Judgment affirmed.*