### 1713. WARREN v. THE STATE.

HILL, C. J. 1. Ordinarily, to conceal a pistol in a sack which is carried under the arm is a violation of section 341 of the Penal Code, which forbids carrying, about the person, a weapon concealed. *Boles* v. *State*, 86 *Ga.* 255 (12 S. E. 361).

2. Evidence obtained by the illegal seizure and search of a defendant's person, which compels him to incriminate himself, is inadmissible against him. But incriminating facts discovered by another from an illegal search of the property or premises of the defendant are admissible against him. *Hughes* v. *State*, 2 *Ga. App.* 29 (58 S. E. 390); *Glover* v. *State*, 4 *Ga. App.* 455 (61 S. E. 862); *Croy* v. *State*, Id. 456 (61 S. E. 848); *Rogers* v. *State*, Id. 691 (62 S. E. 96); *Williams* v. *State*, 100 *Ga.* 511 (28 S. E. 624, 39 L. R. A. 269); *Duren* v. *Thomasville*, 125 *Ga.* 1 (53 S. E. 814).

3. It follows from the foregoing headnote that the court properly refused to charge the jury, "If you find, from the evidence, that the defendant was illegally arrested, and while under illegal restraint his person or property was searched and the evidence was obtained, then you would not be authorized to find him guilty." This is not the law as applicable to facts discovered by search of a defendant's property.

4. Where the accused was illegally arrested and his person searched, and no weapon was found thereon, but a pistol was subsequently found concealed in a sack which he had under his arm when arrested, and which, prior to the search of his person, he had voluntarily given to another to keep for him, evidence of this fact was admissible against him.

5. No error appears, and the evidence supports the verdict.

*Judgment affirmed.*

Accusation of carrying concealed weapon, from city court of Tifton—Judge Eve. January 23, 1909.

Submitted March 10,—Decided March 23, 1909.

*J. B. Murrow, J. J. Murray*, for plaintiff in error.

*W. J. Wallace*, solicitor, contra.