### 2261. BROOKINS *v.* THE STATE.

No error of law appears, and the evidence fully supports the verdict.

Accusation of carrying concealed weapon; from city court of Dawson—Judge Edwards. October 23, 1909.

Submitted November 30,—Decided December 10, 1909.

*H. A. Wilkinson,* for plaintiff in error.

*M. J. Yeomans, solicitor,* contra.

HILL, C. J. While service was in progress, some one near the church disturbed the preacher by disorderly conduct. The preacher requested four of his deacons to go after the disturber and bring him to the church. Complying with this request, the deacons went to the place where the disturbance was, and, suspecting that the plaintiff in error was the guilty party, either took him into custody and led him to the church, or asked him to go, and he went voluntarily. The deacons were not peace officers of the State,—"only deacons of the church," and they did not know that the plaintiff in error was the one who had disturbed the preacher. On the way to the church a person not an officer of the church and not in sympathy with the deacons, nor assisting them in any way in taking the

suspected offender to the church, but, according to the evidence, his friend, ran up behind him suddenly and took from his pocket a pistol which he had concealed.   He made no objection to this friendly act, and did not in any manner resist or endeavor to prevent his friend from taking his pistol.   On his trial for carrying concealed weapons the foregoing facts, over his objection, were admitted in evidence against him; and the only error insisted on in this court is that the trial judge erred in admitting the testimony, it being insisted that it was evidence procured by an unlawful seizure and search of his person, whereby he was involuntarily compelled to give evidence against himself.

We do not think the facts bring the defendant within the protection of the constitutional provision relating to unlawful seizures and searches, or the compelling of one to incriminate himself. Conceding that an unlawful arrest of the defendant was made by the deacons, yet there was no search of his person by them or by any one aiding them or in sympathy with them.   The act which disclosed the offense was the act of a friend of the offender; and the defendant made no resistance or objection to the act.   The case is clearly and easily distinguished on the facts from the cases of *Hammock* v. *State,* 1 *Ga. App.* 127 (58 S. E. 66), *Davis* v. *State,* 4 *Ga. App.* 318 (61 S. E. 404), and other cases decided by this court, where the constitutional provisions alluded to were construed and applied.   In all these cases, except the *Davis* case, the unlawful searches were made by the officers having the parties under lawful arrest, and in the *Davis* case the unlawful arrest was by an officer of the law, but the unlawful search and disclosure were made by a third person against the defendant's will, and in spite of his forcible resistance.   We are unwilling to extend the application of the rule beyond the facts of the *Davis* case.      *Judgment affirmed.*