### 4965.  WEATHERINGTON *v.* THE STATE.

RUSSELL, J.  1. According to the uncontradicted evidence, there was no examination or search into the contents of the defendant's valise, but he voluntarily disclosed its contents.  The valise contained about three gallons of whisky in quart and pint bottles.  The possession of such a large quantity might authorize the inference that its possessor was keeping the whisky for the purpose of illegal sale, and would authorize his arrest upon a charge of violating the municipal ordinance upon that subject, on the ground that the offense was being committed in the presence of the officer.

2. In view of the fact that the contents of the valise were voluntarily disclosed by the accused, it was not error to admit in evidence the valise and its contents, upon his trial for the offense of selling liquor.

3. The evidence authorized the verdict of guilty, and there was no error in refusing a new trial.      *Judgment affirmed.*

DECIDED SEPTEMBER 9, 1913.

Accusation of sale of liquor; from city court of Bainbridge— Judge Spooner.  May 5, 1913.

The accusation charged unlawful sale of intoxicating liquors by John Weatherington on December 27, 1912.  It was testified that he sold whisky in the City of Bainbridge shortly before Christmas of that year.  It was also testified that on Thursday after Christmas two policemen of that city saw him coming from a railroad depot, between one and two o'clock in the morning, with a grip on his shoulder, and one of them asked him what he had, and he said it was whisky, and that he was going to carry it to his house.  This policeman testified: "I told John to stop, and he stopped and set the grip down on the ground.  I asked him to let me see the whisky.  I told him I was not forcing him to open his grip, and he did not have to do so unless he wanted to; and I saw a number of packages in there. . . I arrested him for keeping whisky on hand for illegal sale. . . There was 14 quarts in the grip.  I stopped John as I saw him going down the street. . . I did not arrest him; I spoke to him and he stopped.  I told him he need not open the grip unless he wanted to.  I did not turn him loose after he stopped, but left him in the custody of the other officer.  I came up town and got the bus and went back without

any warrant, and took John and locked him up." The other policeman testified to the same effect. The policeman took possession of the whisky. The State introduced in evidence a suit case with about 12 quarts of the whisky in quart and pint bottles. The State introduced also a certified copy of an ordinance of the City of Bainbridge, which declared it to be unlawful to have or keep intoxicating liquors in the city for the purpose of illegal sale, and prescribed a punishment for violation of the ordinance; also an ordinance prescribing a penalty for acts disturbing the peace, quiet, and good order of the city. The testimony as to the sale of liquor by the accused was contradicted.

The introduction of the whisky, and of the policemen's testimony as to the defendant's possession of it, was objected to on the ground that this evidence was obtained by arrest and seizure without a warrant. The introduction of the city ordinances was objected to on the ground that they were irrelevant. Exception to the admission of this evidence was taken in the defendant's motion for a new trial.

*Harrell & Wilson*, for plaintiff in error, cited: *Hughes v. State*, 2 *Ga. App.* 29; *Sherman v. State*, Id. 148; *Jackson v. State*, 7 *Ga. App.* 414; Code of 1910, § 6372; 3 Cyc. 887.

*M. E. O'Neal*, solicitor, contra, cited: *Byrd v. State*, 10 *Ga. App.* 214 (2); *Brookins v. State*, 7 *Ga. App.* 204-5; *Williams v. State*, 100 *Ga.* 511 (39 L. R. A. 269).